### THE STATE *v.* SLAVE BOB.

Objections to the admissibility of the prisoner's confession, and to the instructions of the court, must be taken by bill of exception, and not by assignment of error. And where the Justices who presided at the trial of slaves, were of opinion that they had no power to sign bills of exception, evidence of this should appear of record.

Assignment of error, "that the tribunal who convicted said slave were informally and illegally constituted." *By the Court:* This objection is entirely too vague, and has not been made more explicit by any specification, even in argument, in this court.

APPEAL from the Sixth Magistrate's Court of Madison.
*Morse*, Attorney General. *Hynes*, for appellant.

SPOFFORD, J. The slave *Bob* having been sentenced to death by a Jury em-pannelled under the law for the trial of slaves, has appealed.

We are unable to pass upon his case with nothing more than the present re cord before us. Our appellate jurisdiction in criminal cases is limited to ques-tions of law. These questions must be presented by bills of exception or assignments of errors.

There is no bill of exceptions in the record. The counsel of appellant states in his printed brief, that the Justices presiding over the tribunal were of the erroneous opinion that they had no power to sign bills of exceptions. But there is no evidence of this in the record, nor any evidence that the objection to the admissibility of the prisoner's confession, was raised in time. Although the evidence itself was taken down by some one in writing, and comes up with the record, it does not belong to our province to examine it.

There has been no assignment of errors filed in this court. There is one in the record, which appears to have been filed in the inferior tribunal, after the appeal was granted.

The first point in this assignment refers to the admissibility of the prisoner's confession, which, as we have already stated, should have been presented by a bill of exceptions tendered at the time the evidence was admitted, or by something in the record equivalent to a bill of exceptions.

The second is as to an instruction of the presiding magistrates. This too should have been presented by a bill of exceptions seasonably taken, or it should appear of record in some mode. One of the Justices indeed certifies that they told the jury that if they found the prisoner guilty, (of administering poison,) the law affixed the penalty, and they could not commute the punishment; but it does not appear from the certificate that the prisoner's counsel objected or asked any different charge.

The third point assigned for error in the lower court, was " that the tribunal who convicted said slave were informally and illegally summoned and constituted." This objection is entirely too vague, and has not been made more explicit by any specification, even in argument, in this court.

It is, therefore, ordered that the appeal be dismissed at appellant's costs.