## No. 9311.

## THE STATE OF LOUISIANA vs. SQUIRE WHITE.

Error in the charge of the judge to the grand jury is no ground to quash the indictment found by them.

Where no bill of exception is taken to the overruling of a motion to quash an indictment, this court cannot review evidence taken on the trial thereof, though found in the record.

Evidence cannot be offered in support of a motion in arrest of judgment which must rest on errors apparent on the face of the record. Where the trial is a continuous proceeding begun and completed at an uninterrupted sitting of the court, and the minutes show that the prisoner was presence at the beginning thereof, his continued presence will be presumed.

Failure of the record to show his presence at the filing, arguing and overruling of motions for new trial and in arrest of judgment, is immaterial.

APPEAL from the Seventeenth District Court for the Parish of East Baton Rouge. *Burgess*, J.

*M. J. Cunningham*, Attorney General, for the State, Appellee.

*T. B. Dupree* and *Robertson & Russell*, for Defendant and Appellant.

The opinion of the Court was delivered by

FENNER, J. Defendant filed a motion to quash the indictment on the grounds: 1. That K. A. Cross, a private attorney without official position, attended the sessions of the grand jury, and participated and advised in their deliberations; 2. that the grand jury was misled by certain erroneous charges of the judge as to their duties. The State denied the truth of the first ground and demurred to the second. Evidence was heard and the court overruled the motion to quash. No bill of exception was taken to the ruling of the court. We cannot notice the evidence found in the record, the same not being embodied in a bill of exceptions. State vs. Nelson, 32 Ann., 842. We may say, however, that it exhibits no ground of complaint by defendant. Mr. Cross was appointed by the court to represent the State in a different case in which the district attorney was recused; and whether such appointment was authorized or not, it appears that he attended the grand jury only in reference to that case and was not present at any deliberations affecting the charge against defendant.

We know of no authority recognizing errors in the general charge of the judge to the grand jury, as ground for quashing indictments found by them.

The above grounds were re-assigned in a motion for arrest of judgment which was overruled by the court, which properly refused to hear testimony. State vs. Watson, 34 Ann., 672; 25 Ann., 370; 28 Ann., 129; 30 Ann., 90; 15 Ann., 185; 6 Ann., 310; 32 Ann., 526; 10 Ann., 265; 14 Ann., 827. The errors assigned are not patent on the face of the record, even if they had merit otherwise.

In this Court an assignment of errors has been filed reiterating above grounds which require no further notice, and also assigning deficiencies of the record in showing presence of the prisoner at important stages

of the proceedings. The charge that the record does not exhibit his presence when the verdict was rendered would be fatal, if true ; but it is not true.

The minutes show that " the accused was brought to the bar to be tried," that a jury was impanneled, evidence and arguments heard, the charge given, that the jury retired, returned into court and delivered their verdict,--all, without interruption and at a single sitting. The continued presence of the accused is presumed. State vs. Collins, 33 Ann., 152 ; State vs. Cox, id. 1056 ; State vs. Price, 37 Ann.

His presence when the motions for new trial and in arrest were filed, argued and overruled, was immaterial. State vs. Green, 33 Ann., 1408 ; State vs. Harris, 34 Ann., 121.

Judgment affirmed.