(58 South. 520.)

No. 19,276.

STATE v. AENSPACKER.

(April 8, 1912. Rehearing Denied May 6, 1912.)

*(Syllabus by Editorial Staff.)*

1. PERJURY (§ 22*) — INFORMATION — SUFFICIENCY.

In an information for perjury, an allegation that the perjury was committed in the trial of a person for the crime against nature, of which cause the court had jurisdiction, sufficiently showed the jurisdiction of the offense, though it was not called "the detestable and abominable crime against nature," as described in the statute.

[Ed. Note.—For other cases, see Perjury, Cent. Dig. §§ 71, 76–79; Dec. Dig. § 22.*]

2. INDICTMENT AND INFORMATION (§ 150*) — DEMURRER—DETERMINATION.

On demurrer to an information for perjury, the sufficiency of the information in the cause in which the perjury is alleged to have been committed cannot be considered, though the latter information was attached to the demurrer as an exhibit.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. § 497; Dec. Dig. § 150.*]

3. CRIMINAL LAW (§ 1090*)—APPEAL—RECORD—QUESTIONS PRESENTED FOR REVIEW.

On appeal in a perjury case, the Supreme Court cannot consider the information in the cause in which the perjury is alleged to have been committed which was attached to a demurrer to the perjury information as an exhibit as on motion to quash the perjury information, where the other information is not included in a bill of exceptions.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2653, 2789, 2803–2822, 2825–2827, 2927, 2928, 2948, 3204; Dec. Dig. § 1090.*]

4. DEPOSITIONS (§ 17*)—RIGHT TO TAKE.

The refusal in a criminal case to allow accused to take by commission or dedimus potestatem the testimony of witnesses residing outside the state is proper.

[Ed. Note.—For other cases, see Depositions, Cent. Dig. §§ 11, 12; Dec. Dig. § 17.*]

5. CRIMINAL LAW (§ 691*) — TRIAL — RECEPTION OF EVIDENCE—OBJECTION.

An objection at the opening of a trial for perjury to the introduction of any evidence on the ground that the court was without jurisdiction because the court which tried the cause in which the perjury was alleged to have been committed was without jurisdiction was

properly overruled, not being addressed to the admissibility of the evidence.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1628; Dec. Dig. § 691.*]

6. CRIMINAL LAW (§ 486*)—EXPERT TESTIMONY—COMPETENCY.

A physical examination of a witness by a coroner cannot be made the basis of an expert opinion as to veracity.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1076; Dec. Dig. § 486.*]

7. PERJURY (§ 32*)—EVIDENCE—ADMISSIBILITY.

In a prosecution for perjury, the exclusion of testimony as to the family of accused, and of what it consisted, was proper.

[Ed. Note.—For other cases, see Perjury, Cent. Dig. §§ 108–116; Dec. Dig. § 32.*]

8. CRIMINAL LAW (§ 1124*)—APPEAL—RECORD.

A contention that the court' erred in refusing a new trial asked on the ground that jurors had read in the newspapers the evidence excluded at the trial cannot be sustained where the transcript fails to show the publication or reading by the jurors of such evidence.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2946–2948; Dec. Dig. § 1124.*]

Appeal from Criminal District Court, Parish of Orleans; Frank D. Chretien, Judge.

Samuel Aenspacker was convicted of perjury, and appeals. Affirmed.

Hamilton N. Gautier and Girault Farrar, for appellant. St. Clair Adams, Dist. Atty., Warren Doyle, Asst. Dist. Atty., and A. D. Henriques, Jr., Asst. Dist. Atty., for the State.

PROVOSTY, J. The accused was convicted of perjury, and has appealed. The perjury is charged to have been committed in the course of the trial of the case of State v. Whitaker in the criminal district court of this city.

The accused demurred to the information on the ground that it did not show on its face that the court had jurisdiction in the Whitaker Case.

[1] The information alleges that the accused committed the perjury in question on

the trial of an information "wherein the said Whitaker was charged with the crime against nature in and upon one Angelina Brooks, of which said cause the said court had jurisdiction."

The contention is that there is no such crime known to our law as "the crime against nature," and that therefore the information does not allege that Whitaker was being tried for any crime, and, as a consequence, the court had no jurisdiction to try him; that his trial was a mere empty ceremony, in connection with which the commission of perjury was legally impossible, precisely as if the allegation in the information demurred to were that the perjury in question had been committed on the trial of Whitaker on the charge of having drunk a glass of water, or taken off his hat, or done any other inoffensive act.

There is such a crime as "the detestable and abominable crime against nature," but the learned counsel for the accused contend that the words "detestable and abominable" are essential to the description of the crime, and if left out, as in the information in this case, no crime is described. The learned counsel further contend that, in so far as the general words "of which said cause the said court had jurisdiction" are concerned, they state a mere conclusion of law, and that the statement of a conclusion of law does not add anything to a pleading; that facts, and not conclusions of law, must be stated.

These contentions find support in People v. Carroll, 1 Cal. App. 4, 81 Pac. 680, but we cannot give our adhesion to the doctrine of that case. The words "the crime against nature" were in our opinion sufficient to inform the accused with certainty that the crime for which Whitaker was prosecuted was the crime denounced by section 788 of the Revised Statutes under the name of "the detestable and abominable crime against nature." The said crime is referred to in all the books as "the crime against nature." Moreover, section 858, R. S., dispenses with the necessity of stating the facts from which the jurisdiction of the court, wherein the perjury was committed, would appear, and expressly authorizes the fact of the court having had jurisdiction to be alleged in general words. "Jurisdiction of the court," says Bishop (New Crim. Proc. vol. 2), "must be in some way disclosed by the allegations, but it would suffice either to aver in words that the jurisdiction existed, or state facts from which in law it results; both not being required."

[2] The learned counsel for the accused further contend that the facts set forth in the information against Whitaker did not constitute the crime against nature; that they constituted no crime at all; and that, consequently, Whitaker was not tried for any crime at all, and therefore the proceedings in his case were a mere empty form, in which the commission of perjury was impossible. The answer to that contention is that the demurrer we are now considering does not address itself to the sufficiency of the Whitaker information, but only to the sufficiency of the information in the present case, and that this information in the present case does show a crime, since it alleges that perjury was committed in the course of a trial before a court of competent jurisdiction. Whether the facts alleged against Whitaker did or did not constitute the crime against nature is another question, a question not presented on the present demurrer, which, we repeat, only addresses itself to the sufficiency of the information demurred to. "A demurrer is an objection that the pleading against which it is directed is insufficient in law to support the action, and that the demurrant should not be required to further plead. It involves only such parts as are alleged in the pleadings demurred to, and raises only questions of law as to the suffi-

ciency of the pleadings, which arise upon the face thereof. It is a fundamental rule of pleading that a demurrer will lie only for defects which appear upon the face of the pleading to which it is opposed, and must be decided without evidence aliunde." Enc. of Pl. & Prac. vol. 6, pp. 296, 297, 298. See, also, 22 Cyc. 777; Archbold, Crim. Pl. & Prac. vol. 1, p. 354; Abbott's Crim. Trial Brief, pp. 38, 39; Marr's Crim. Juris. p. 429.

A copy of the information against Whitaker is attached to, and made part of, the demurrer; and the learned counsel insist that, by being thus attached, it has been made part of the record, just as if it had been set forth in full in the information demurred to.

This attaching of the document to the demurrer was but an irregular way of offering it in evidence; and, by now asking the court to consider it, counsel are asking the court to consider evidence on the trial of a demurrer; a thing which cannot be done, as is well settled.

[3] We have considered whether the demurrer might not be treated as a motion to quash, on the trial of which the said information would have been admissible in evidence. But here again an insuperable obstacle presents itself in the fact that this information has not been brought before the court in a way to enable this court to consider it. The only known way by which evidence can be brought before this court in a criminal case is by incorporating it in a bill of exceptions. "Testimony or documents found in the transcript will not be noticed unless same come up as a part of the bill of exceptions." Marr's Crim. Juris. p. 852; State v. McCrocklin, ante, p. 106, 57 South. 645, No. 19,080, of the docket of this court.

[4] The accused next complains of the refusal of the trial court to allow him to take by commission or dedimus potestatem the testimony of witnesses residing outside of the state. The decisions of this court in State v. Fulford, 33 La. Ann. 679, and State v. Fahey, 35 La. Ann. 9, have established a rule against the issuance of such a commission. This rule will have to be changed by the Legislature, if at all.

[5] At the opening of the trial, before any evidence had been offered, the accused objected to the introduction of any evidence whatsoever, on the ground that the court was without jurisdiction to try the case, for the reason that the court had been without jurisdiction to try the Whitaker Case wherein the perjury charged against the accused was alleged to have been committed.

The objection thus made did not relate to the admissibility of the evidence, and was therefore properly overruled. The evidence was clearly admissible.

[6] The next complaint of the accused is of the refusal of the court to allow the coroner to testify with reference to the physical examination he (the coroner) made of the little girl who was alleged to have been the pathic in the accusation against Whitaker, and who had been one of the witnesses against the accused, and also of the refusal of the court to allow the coroner to answer the following question: "In your opinion medically, and from your examination of the girl in question, is she what is known as a degenerate child or a perverted child?"

A physical examination may serve as a basis for an expert opinion as to chastity, but not as to veracity; and the chastity of the witness was not at issue, only her veracity. The ruling was therefore correct.

[7] The next complaint is of the refusal to allow the accused to testify with regard to his family and of what it consisted. The family of the accused had nothing to do with the case. The ruling was therefore correct.

[8] The next complaint is that the court refused a new trial although the evidence on the new trial showed that the jury had

read in the newspapers the evidence that had been excluded on the trial. Nothing in the transcript shows that any such evidence was published in the newspapers, or that any newspaper was read by any member of the jury.

Judgment affirmed.