(101 South. 22)

No. 26680.

## STATE v. SMITH.

(June 20, 1924.)

*(Syllabus by Editorial Staff.)*

1. **Criminal law ☞1090(1), 1129(1)—When Supreme Court can review only errors on face of record.**

Where no formal bills of exception were prepared and submitted to court for its signature and per curiam, and no assignment of errors was made after filing of appeal in Supreme Court, there was nothing for it to review except errors apparent on face of record.

2. **Criminal law ☞1144(12)—Supreme ·Court will presume lower court's ruling to be correct in absence of bills of exception.**

In absence of a bill of exceptions and special facts upon which lower court based its ruling in excluding evidence in prosecution for breaking and entering with intent to rob, Supreme Court was bound to presume that its ruling was correct.

3. **Criminal law ☞1090(14)—Lower court's refusal of defendant's requested charge not disturbed where no bills of exception filed.**

Lower court's refusal of defendant's requested charge that defendants would not be guilty of breaking and entering if they entered house without breaking door or opening door themselves would not be disturbed where no bill of exceptions was filed so that court could determine whether requested charge was relevant, and trial judge stated that charge was not warranted by ˙evidence.

4. **Criminal law ☞1059(2)—General exception to charge as whole not considered on appeal.**

A general exception to the charge as a whole even when presented in a formal bill of exceptions, will not be considered on appeal.

5. **Criminal law ☞508(9)—Testimony of codefendant should be considered by jury only as it affects himself.**

Testimony of codefendant may be considered by jury only as it relates to himself, and should not be considered either against or in favor of other codefendant, under Act No. 157 of 1916, which repeals Act No. 41 of 1904, and readopts, without material changes, language of section 2 of Act No. 29 of 1886, as amended by Act No. 185 of 1902.

6. **Burglary ☞46(3)—Instruction that procuring occupant to open door of dwelling house by trickery constituted constructive breaking held not erroneous.**

An instruction that ,procuring occupant of dwelling house to open door by fraud òr trick constituted constructive˙ breaking was not erroneous where evidence showed entry by violence and use of dangerous weapon.

7. **Burglary ☞47—Verdict finding defendant guilty as charged without capital punishment held responsive.**

In a prosecution for breaking and entering with intent to rob, a verdict finding defendant

guilty as charged without capital punishment was responsive to information, in view of Rev. St. § 1000.

**8. Criminal law ⊙⊸968(8), 1159(1)—Allegations that verdict was contrary to evidence, and that jury ignored charge, not proper in motion in arrest, and not reviewable.**

Allegation in a motion in arrest of judgment that verdict was contrary to evidence, and that jury ignored charge, presented matters of fact requiring proof, and which therefore had no place in motion, and which, even if properly presented, would not be considered by Supreme Court under the Constitution.

Appeal from Criminal District Court, Parish of Orleans; Frank T. Echezabal, Judge.

James B. Smith was charged with breaking and entering a dwelling house with an intent to rob, and he appeals. Affirmed.

Maurice R. Woulfe, of New Orleans, for appellant.

Percy Saint, Atty. Gen., and Robert H. Marr, Dist. Atty., of New Orleans (Percy T. Ogden, of Crowley, and M. M. Irwin, of New Orleans, of counsel), for the State.

By the WHOLE COURT.

BRUNOT, J. James B. Smith and another person were charged with breaking and entering a dwelling house, in the nighttime, armed with a dangerous weapon, with intent to rob. The jury returned a verdict of "guilty as charged, without capital punishment," against Smith, and a mistrial was entered as to the other defendant.

Smith was sentenced to imprisonment in the Louisiana State Penitentiary for life. From that verdict and sentence he has appealed.

[1] The minute entries in the record disclose that counsel for the defendant excepted to five rulings of the court, and noted the reservation of bills of exception to each of these rulings, but the record shows that no formal bills of exception were prepared and submitted to the court for its signature and per curiam. Since the filing of the appeal in

this court no assignment of errors has been made, and therefore, unless it appears that there is error on the face of the record, there is nothing for this court to consider.

[2] The first objection by counsel for the defendant was to the offering by the state, in evidence, of two automatic pistols, alleged to have been the dangerous weapons charged in the indictment as being in the possession of the defendants at the time the burglary was committed. In the absence of a bill of exceptions and the special facts upon which the lower court based its ruling, we must presume that the ruling was correct. State v. Smith, 149 La. 700, 90 South. 28; State v. Wilson, 109 La. 75, 33 South. 85; State v. Carr, 111 La. 717, 35 South. 839.

[3] The second objection was to the refusal of the trial judge to deliver the following special charge:

"The court instructs the jury, if you find from the evidence that the accused entered the house of Miss Gordon without breaking the door, or in fact without opening the door themselves, but that the door was opened for them, then you cannot under such a state of facts bring in a verdict of guilty as charged, nor guilty without capital punishment. The only verdict, if such a state of facts exists, that would be responsive, would be a verdict of guilty of entering in the nighttime a dwelling house with intent to rob."

In the absence of a formal bill of exceptions this court cannot determine whether the requested charge was relevant or whether it was merely based upon a statement of hypothetical and irrelevant facts. With reference to this requested charge the judge says:

"I denied the special charge requested by the defendant for the reason that the facts, as shown by the evidence, would not have justified a verdict of merely entering a dwelling house in the nighttime with intent to rob. The evidence proved beyond any reasonable doubt that there was a breaking."

As there is no assignment of error and no irregularity is shown the ruling will not be

disturbed. Bacon v. Green, 36 Fla. 325, 18 South. 879.

[4] The third objection noted in the court minutes was a blanket exception to the entire charge of the court. We have held that a general exception to the charge as a whole, even when presented in a formal bill of exceptions, is without merit. State v. Melton, 37 La. Ann. 77.

[5] Counsel's fourth exception was noted to the court's overruling of a motion for a new trial. The motion reiterates the objections to the three rulings we have already disposed of, and presents the following additional reasons why the motion should be granted. It is alleged in the motion that the court erred in instructing the jury that:

"If a codefendant charged and tried together with his codefendant for the same alleged offense takes the stand as a witness, his testimony should be considered by the jury only as it relates to himself. The testimony of one codefendant should not be considered by the jury either against or in favor of the other codefendant."

Counsel in urging this ground for a new trial has evidently been misled by the case of State v. Lebleu, 137 La. 1007, 69 South. 808, which holds that the jurisprudence founded upon the law as it stood prior to the adoption of Act 41 of 1904 was correct, but that the adoption of the act of 1904 authorized a party accused to testify in favor of a joint defendant. Act 157 of 1916 repeals Act 41 of 1904, and readopts, without material changes, the language of section 2 of Act 29 of 1886, as amended by Act 185 of 1902. Therefore the jurisprudence as it existed prior to the adoption of Act 41 of 1904 must be adhered to now, and the Lebleu Case, which merely interpreted an act that has since been repealed, can have no application. The doctrine announced in State v. Sims, 106 La. 453, 31 South. 71, State v. Breaux, 104 La. 540, 29 South. 222, and State v. Angel, 52 La. Ann. 485, 27 South. 214, holds that, where two or more persons are charged in the same indictment and are tried at the same time, each one of them may be a witness in his own behalf, but he cannot be a witness on behalf of his codefendants. The remedy is to ask for a severance. The instruction excepted to was correct and it is in accord with the jurisprudence of the state.

[6] It is alleged that it was error to instruct the jury that:

"There is also a constructive breaking if by a fraud or trick practiced on the occupant of a dwelling house it procures him to open the door."

It appears from the record that the defendant obtained entry into the dwelling by violence and by the use of a dangerous weapon.

"When in consequence of violence commenced or threatened, in order to obtain entrance into a house, the owner, either from apprehension of the violence, or in order to repel it, opens the door and the thief enters, such entering will amount to a breaking in law." 2 Russell on Crimes, p. 1070, and authorities there cited.

[7] Counsel's fifth objection is to the verdict of the jury. The verdict is in the following words:

"James N. Smith, guilty as charged without capital punishment."

A verdict of guilty as charged is responsive to an information or indictment, and in capital cases the jury may qualify their verdict by adding thereto the words "without capital punishment." R. S. § 1000.

[8] Counsel's sixth and final objection is to the overruling of a motion in arrest of judgment. The motion alleges that the verdict is defective, that it is contrary to the evidence, and that the jury ignored the charge of the judge. The first ground urged in the motion is disposed of by our finding that the verdict, as rendered, is responsive to the charge and that the jury is authorized to qualify its verdict in cases involving the infliction of capital punishment.

The other grounds urged in the motion present matters of fact requiring proof, which have no place in motions in arrest of judgment, and which, even if properly presented, this court cannot consider under the Constitution.

Finding no error on the face of the record, the verdict, judgment, and sentence are affirmed.

ST. PAUL, J., concurs in the decree.