162 So. 805

**STATE v. EARLY.**

No. 33502.

July 1, 1935.

———◇———

Clem H. Sehrt, of New Orleans, for relator.

Eugene Stanley, Dist. Atty., of New Orleans, for the State.

LAND, Justice.

Defendant, Frank P. Early, is indicted for murder, and on May 22, 1935, was found guilty of murder without capital punishment.

On May 31, 1935, counsel for defendant filed a motion for a new trial, which was overruled, and reserved a bill of exceptions to the ruling, making all the testimony in the case a part of the bill.

Defendant was then sentenced to serve the rest of his natural life in the state penitentiary. Thereupon, defendant filed a motion of appeal, which was signed by the Honorable A. D. Henriques, respondent judge, and made returnable to this court on July 26, 1935.

On June 6, 1935, counsel for defendant tendered to the trial judge a formal bill of exceptions, which was signed by him on the morning of June 7, 1935.

On the same day, counsel for defendant filed a motion asking permission of the court to withdraw his formal motion of appeal, as the minute entry failed to show an agreement of time having been granted mover for the presentation and signing of bills of exceptions.

Respondent judge declined to sign the motion to withdraw the appeal, stating that after an appeal was granted he was divested of jurisdiction under article 545 of the Code of Criminal Procedure. Counsel for relator reserved a bill of exceptions to the ruling of the court, and served notice on respondent judge and the district attorney of his intention to apply to this court for writs of certiorari, mandamus, and prohibition.

In the reasons for overruling the motion to withdraw the original motion of appeal, respondent judge says: ا

"I state emphatically that there was no understanding between the Court and counsel as to time in which to file any bill of exceptions.

"The defendant was sentenced on the 31st of May, 1935, and immediately his counsel very heatedly told the Court that he wanted the appeal signed at once, which the Court did. Counsel never requested the Court to give him further time in which to file a bill of exceptions."

On the other hand, relator states in his application for writs and in his brief that:

"Your relator, through counsel, when he presented the motion of appeal, was aware of the custom prevailing in the Criminal Courts (Criminal District Court) in the Parish of Orleans, and was aware of the procedure followed in all divisions of said Court, namely, that after the motion of appeal was signed that the defendant would be given a reasonable time within which to present formal bills of exception for proper signing. Aware of this custom prevailing in all divisions of said Court, your relator verily believed that the trial Judge would be fair in giving a reasonable time for the signing of said formal bills," etc.

Under these circumstances, it is the duty of the court to remand the case to ascertain if such custom prevails in the criminal district court for the parish of Orleans.

It is ordered that this cause be remanded to division E of the criminal district court for the parish of Orleans, for the purpose of taking testimony as to the custom alleged by relator to prevail in the divisions of said court as to giving a reasonable time to present formal bills of exception after motion of appeal has been signed.

It is further ordered that, upon application of relator, respondent judge order such hearing to be had within five days after such application is made; that the proceeding be conducted after notice to and contradictorily with the district attorney; and that the original record of said proceeding and of all testimony taken thereon be transmitted to and filed in this court by respondent judge within two days after such hearing is concluded.

O'NIELL, C. J., concurs in the decree, because it is in the interest of justice, but he is of the opinion that, if it is the custom in the criminal district court for the judges to sign bills of exception after an appeal has been taken, and after the court has lost jurisdiction of the case, the custom ought to be abolished.