LAND, Justice.
 

 Defendant, charged with the crime of murder, was tried by jury in the court below, and was found “guilty without capital punishment.” He has appealed from the conviction and sentence.
 

 The first and only bill of exceptions reserved by defendant was to the overruling of a motion for a new trial. Before this bill was signed by the trial judge, defendant moved for an appeal, which was granted and made returnable to this court. Six days thereafter defendant tendered his bill of exceptions to the trial judge, who signed same. Defendant then filed a motion to withdraw the original motion of appeal granted, which was refused by the judge a quo. Thereafter, on the same day, defendant filed a second motion of appeal in order that his only bill of exceptions might be properly before this court. This motion was also refused, for the reason that the trial court was immediately, upon the signing of the original motion for appeal, divested of jurisdiction. Defendant then applied to this court (Í83 La. 71, 162 So. 805) for writs of certiorari, mandamus, and prohibition, and in his application stated that there was a custom prevailing in the divisions of the criminal district court for the parish of Orleans that defendants were given a reasonable time within which to present formal bills of exceptions for proper signing, after the motion of appeal was signed by the trial judge.
 

 The bills apparently having merit, if timely filed, this court returned the case to the trial court for the purpose of taking testimony to ascertain if such a custom did prevail in the criminal district court for the parish of Orleans. The evidence taken on the matter shows that no such custom prevails in that court.
 

 The Code of Criminal Procedure in article 545 provides that: “After an appeal has been granted, no further action in the case can be taken by the trial Judge; provided that as to matters of ministerial or not in controversy on appeal, the trial Court may render interlocutory orders and definitive judgments.”
 

 In State v. Young, 153 La. 605, 96 So. 275, 278, it is said: “If the accused obtains an appeal before the bills are signed, or without being given time within which to present them, the necessary consequence is that he waives or abandons them.”
 

 In the present case no time was asked for and none given.
 

 “If accused obtains an appeal before bills of exceptions are signed or without being given time in which to present them, he waives or abandons them. State v. Young, 153 La. 606, 96 So. 275; State v. Barrett,
 
 *667
 
 137 La. 535, 68 So. 945.” State v. Cole, 161 La. 827, 109 So. 505.
 

 In Marr’s Criminal Jurisprudence, p. 1095, it is said: “To avail as grounds for a new trial, alleged irregularities must have been, at the time of their occurrence, excepted to and embodied in a Bill of Exceptions, and a bill must be’ reserved to the refusal to grant a new trial, otherwise neither the trial court nor the Supreme Court can be called on to review, on motion for new trial, the rulings made in the course of trial. And this is true, though both the rulings and the evidence are in the record, for defendant cannot through the recital of his application for a new trial eke out those he should have embodied in his Bills of Exceptions,” — citing, numerous decisions of this court.
 

 Defendant did not reserve hills of exceptions, at the time, to the various matters of which he complains in the only bill of exceptions reserved, the refusal to grant a new trial, and, as that bill was signed after appeal was taken, the case is now before us, without any bill of exceptions to be reviewed, and the conviction and sentence must be affirmed.
 

 If defendant, through inadvertence of counsel, has been deprived of any substantial right, or has been unfairly or unjustly convicted, this is a matter, under the circumstances of the case, that addresses itself solely to the hoard of pardons.
 

 The conviction and sentence appealed from are affirmed.