14 So.2d 677

**STATE v. SCHIMPF et al.**

**Nos. 37080 and 37081.**

June 21, 1943.

W. T. Holloway, of Janesboro, and C. H. Morton, of Farmerville, for appellants.

Eugene Stanley, Atty. Gen., Niels F. Hertz, Sp. Asst. Atty. Gen., Fred L. Jackson, Dist. Atty., of Homer, and Wayne Stovall, Asst. Dist. Atty., of Janesboro, for the State.

FOURNET, Justice.

Frank W. Schimpf and Dal Rowton, having been jointly charged with and convicted of possession of intoxicating liquors for sale and selling intoxicating liquors for beverage purposes in the parish of Jackson, where the sale of such liquor is prohibited by law, are appealing from their convictions and sentences thereunder.

In suggesting that these appeals be dismissed, the prosecuting attorneys in their brief direct our attention to the fact that this court is without appellate jurisdiction to review these convictions and sentences under the express provisions of Section 10 of Article VII of the Constitution of 1921 because neither of the defendants in either of these two cases was sentenced to serve more than six months in jail or to pay a fine in excess of $300.

This same section of the constitution, in addition to cases where the penalty of death or imprisonment at hard labor may be imposed or where the sentence actually imposed is a fine in excess of $300 or a jail sentence in excess of 6 months, gives the Supreme Court appellate jurisdiction in all cases where a state statute or municipal or parochial ordinance has been declared unconstitutional and in all cases where the legality of a fine, forfeiture, or penalty imposed by a parish, municipal corporation, board or subdivision of the state is in contest, regardless of the amount involved.

No statute or ordinance has been declared unconstitutional in the instant case, and while it is true the validity of the ordinance of the Police Jury of Jackson parish prohibiting the sale of intoxicating

liquors and the possession of such liquors for sale for beverage purposes has been attacked, the defendants in these cases, as pointed out by the trial judge in his per curiam, were not prosecuted under an ordinance of the Police Jury, but under a statute of the state, Act No. 15 of 1934.

It is obvious, therefore, that this court has no authority to review the errors alleged to have been committed during the course of the trial of these defendants.

For the reasons assigned, the appeals are dismissed.

O'NEILL, C. J., dissents from the ruling that this court has not appellate jurisdiction over the question of constitutionality or legality of the parish ordinance prohibiting the sale of intoxicating liquor.