28 So.2d 337

**STATE v. OWENS.**

No. 38240.

Nov. 12, 1946.

J. S. Pickett, of Many, for defendant-appellant.

Fred S. LeBlanc, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., and Edwin M. Fraser, Dist. Atty., of Many, for plaintiff-appellee.

FOURNET, Justice.

The defendant, Rufus Owens, reserved several bills of exceptions during the course of his trial, but having failed to present them to the trial judge for his signature and action prior to his appeal, there are no valid bills before this court and, consequently, nothing for us to review since there are no errors patent on the face of the record. See Articles 499, 542, and 545 of the Code of Criminal Procedure; State v. Snowden, 174 La. 156, 140 So. 9; State v. Early, 183 La. 664, 164 So. 620.

The contention that "since there is no State Statute prohibiting the keeping of intoxicating liquors for sale and the indictment does not allege the violation of an ordinance * * * the indictment is fatally defective," and there is, therefore, an error patent on the face of the record, is without merit. A mere reading of the indictment will show that the defendant was not charged or prosecuted under an ordinance of the police jury, but, instead, under Act No. 15 of 1934, Section 13 of which provides that "Whoever shall sell or keep for sale any intoxicating liquors for beverage purposes, in any parish, locality, ward, city, town or village of this State, where the sale of intoxicating liquors is prohibited by law or ordinance shall, on conviction, be punished by fine * * * or imprisonment * * *." See State v. Schimpf, 203 La. 839, 14 So.2d 677; State v. Monsour, 205 La. 272, 17 So.2d 307.

The conviction and sentence are affirmed.