41 So.2d 461

**STATE v. DEAN.**

No. 39366.

May 31, 1949.

Robert S. Link and Kermit Frymire, New Orleans, for appellant.

Bolivar E. Kemp, Jr., Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Herve Racivitch, Dist. Atty., and Robert E. LeCorgne, Jr., Asst. Dist. Atty., New Orleans, for appellee.

MOISE, Justice.

The defendant was convicted of the crime of simple burglary, Article 62, Louisiana Criminal Code. On proof that he was a fourth offender, he was sentenced to the penitentiary for life. He has appealed.

The record does not disclose that any bill of exception was filed, nor does it appear that there is any error patent on the face of the papers.

The State filed a motion to dismiss the appeal because of the above recited facts, correctly arguing that there is nothing before the court for determination.

The defense counsel admitted in argument that the defendant received a fair trial but he has asked this court to exercise its supervisory jurisdiction and remand this case for a new trial, in accordance with Article 509, par. 5, of the Louisiana Code of Criminal Procedure. In this Article, the Legislature was fixing the procedure to be followed for a new trial

in the lower courts. Our supervisory jurisdiction now invoked comes into being not through the Legislature but by constitutional enactment. We are powerless to afford any relief because the law is well settled that where "The record does not show that any bill of exception was reserved during the trial in the lower court, and * * * in the absence of a bill of exception the judgment of the lower court will not be reversed except when there is error patent on the face of the record. We find no such error in this case." State v. Asher (and authorities therein cited) 213 La. 131, 132, 34 So.2d 399, 400.

The conviction and sentence are affirmed.

McCALEB, J., concurs in the decree.

O'NIELL, C. J., takes no part.