LE BLANC, Justice.
The defendant, Isaac Cummings, was charged by bill of information filed January 10, 1950, with the crime of simple burglary. He was formally arraigned on January 10, 1950 and pleaded “Not Guilty”. The case was tried on January 23, 1950, the jury finding a verdict of “Guilty as Charged” on the same day. On January 30, 1950, a motion for a new trial was filed. On February 6, 1950, a supplemental and amended motion for a new trial was filed. On February 20, 1950, the motion for a new trial was argued, submitted and overruled. On February 24, 1950, the accused was sentenced to confinement in the State penitentiary for a term of three years and on February 27, 1950, a motion and order of appeal was granted returnable to this court on or before March 28, 1950.
No formal motion to dismiss the appeal is presented but in brief filed on behalf of the State it is urged that the appeal should be dismissed for the reason that no bills of exception whatever were taken in the case, and, therefore, nothing is presented to this court for review.
Defense counsel did not file a brief but did file a motion to remand. In this motion, they urge that the record is incomplete in that it does not show that they reserved bills of exception to certain of the court’s rulings. However, it was conceded in argument that there were no bills of exception perfected.
Counsel also urge that the case should be remanded for the further reason that a motion and supplemental motion for a new trial were not disposed of by the trial judge. However, it is shown in the minutes of the court, extracts from which appear in the record before us, that on February 20, 1950, the court heard arguments on these motions and denied same.'
Assuming, as alleged in the motion to remand, that certain bills of exception were reserved during the trial of the case, counsel took no steps to preserve any of them by presenting them to the trial judge for his signature. That was a necessary procedure if they intended to have them considered on appeal. See Code of Criminal Law and Procedure, Arts. 499, 542 and 545. See also State v. Carlson, 192 La. 501, 188 So. 155, and State v. Owens, 210 La. 808, 28 So.2d 337. As the matter stands there is nothing for us to review.
Otherwise, there appears no error, patent on the- face of the record, and, in the absence of any objection or bill of exception, the accused cannot avail himself of the er *681 rors now complained of. Code of Criminal Law and Procedure, Art. 502.
For these reasons, the judgment and sentence appealed from are affirmed.