HAMITER, Justice.
Defendant, Nathan Roy, is appealing from his conviction of the crime of theft of property valued at $75 and from the imposed sentence of two years at hard labor in the State Penitentiary.
During the course of the trial defense counsel reserved numerous bills of exceptions; but none was perfected. The bills were not presented to the district judge (as he explains in a per curiam) until after the granting of the order of appeal and, as-a consequence, he refused to sign them. In view of these circumstances we are unable to pass upon the objections noted in the reserved bills. According to our statutory law and our jurisprudence this court cannot consider bills of exceptions taken during' the course of the trial when they are not perfected by the signature of the district judge affixed before the appeal is ordered. Articles 542 and 545, Louisiana Code of Criminal Procedure; State v. Young, 153 La. 605, 96 So. 275; State v. Carlson, 192 La. 501, 188 So. 155; State v. Calvin, 209 La. 257, 24 So.2d 467; State v. Borde, 209 La. 905, 25 So.2d 736; State v. Owens,. 210 La. 808, 28 So.2d 337; State v. McLean,. 211 La. 413, 30 So.2d 187.
Following the lodging of the transcript here defense counsel filed a written-statement, purported to be an assignment of errors prepared pursuant to Article 560 of the Louisiana Code of Criminal Procedure,, in which they complain that the district-court denied to defendant the benefit of compulsory process guaranteed to him by the State and Federal Constitutions. And' when the appeal came on for hearing such counsel were permitted to and they did present oral argument thereon, notwithstanding that previously they had filed no supporting brief. The complaint is improperly urged and cannot be considered, however, inasmuch as the alleged error is not *1083 'One patent on the face of the record and is determinable only after and by an examination of the evidence. “An assignment ■of errors is a written statement filed by the appellant in the appellate court, within ten days after the transcript is brought up, setting up some error of law apparent on the face of the record. It can not be based upon any error disclosed by the aid of the evidence taken in the case. * * ” Article 560 of the Louisiana Code of Criminal Procedure.
“An error is patent on the face of the record when it is discoverable by the mere inspection of the pleadings and proceedings and without any inspection of the evidence, though such evidence be in the record.” Article 503 of the last named authority.
Our study of the entire transcript, especially the pleadings and proceedings contained therein, discloses no error patent on the face of the record.
Subsequent to the writing of the foregoing opinion defense counsel filed a belated brief in which they argue at length only the question of the alleged denial of compulsory process. We are powerless to consider the question, however, since its determination would necessitate an examination of evidence and the record, as pointed out above, contains no appropriate and perfected bill of exceptions.
For the reasons assigned the conviction and sentence are affirmed.