49 So.2d 610

## STATE v. HONEYCUTT.

### No. 40020.

Nov. 6, 1950.

Rehearing Denied Dec. 11, 1950.

Louis Berry, New Orleans, Van B. Lacour, Shreveport, Edward W. Jackson, Baton Rouge, for appellant.

Bolivar E. Kemp, Jr., Atty. Gen., M. E. Culligan, Asst. Atty. Gen., J. Y. Fontenot, Dist. Atty., Opelousas, for appellee.

HAWTHORNE, Justice.

Defendant, Edward (W. T.) Honeycutt, charged in a bill of indictment with the crime of aggravated rape, denounced by Article 42 of the Louisiana Criminal Code, Act No. 43 of 1942, was found guilty as charged and sentenced to death. From this conviction and sentence he has appealed to this court.

This is the second time this defendant has been found guilty by a petit jury of the offense charged in the bill of indictment. On appeal to this court after his first conviction, the verdict and sentence were set aside and the case remanded to the lower court for a new trial for the reason that there was not sufficient proof on the part of the State to show the voluntary character of a confession made by the accused for its admission in evidence under statutory and constitutional provisions. See State v. Honeycutt, 216 La. 610, 44 So.2d 313.

In the instant case defendant through his counsel excepted and reserved a bill to the trial judge's overruling a motion to quash

the indictment, and also to the admission of certain testimony. The motion to quash charged discrimination by the jury commissioners of St. Landry Parish against Negroes for jury service solely because of race and color. After conviction a motion for a new trial was filed, based upon the bills of exception previously reserved. This motion was overruled by the trial judge.

Article 498 of the Code of Criminal Procedure, Act No. 2 of 1928, as last amended by Act No. 261 of 1946, Section 1, provides: "The bill of exceptions is grounded on the objection made to the ruling of the court on some purely incidental question arising during the progress of the cause; and involves the correctness of the conclusions drawn by the court from the facts recited in the bill. A bill of exceptions is not necessary, however, when the ruling complained of is the overruling of a motion for a new trial *based upon bills of exception reserved during the trial.*" (All italics ours.)

Article 499 of the Code of Criminal Procedure reads as follows: "On the trial of all criminal cases, whenever a bill of exceptions shall be reserved to the ruling on any objection, the court shall at the time and without delay order the clerk or the stenographer to take down the facts upon which the objection and the ruling are based, together with the objection, the ruling and the reasons of the ruling, which statement, objection, ruling and reasons, so taken down, shall be preserved among the records of the trial, and shall, *when signed, by the judge,* constitute the bill of exceptions; provided that whenever a bill has been reserved the judge may be coerced by mandamus to sign the same."

Under Article 502 of the Code, no error not patent on the face of the record can be availed of after verdict, unless objection shall have been made at the time of the happening of such error and unless at the time of the ruling on the objection a bill of exception shall have been reserved to such adverse ruling.

Article 503 defines an error patent on the face of the record to be one that is discoverable by the mere inspection of the pleadings and proceedings and without any inspection of the evidence, though such evidence be in the record.

Still further, Article 504 requires the trial judge to append to a bill of exception a per curiam in order that the appellate court may be fully informed of all the circumstances pertaining to the questions raised by the bill, and, if the bill of exception requires no per curiam comment, the judge shall so certify at the time he signs the bill.

Under the Louisiana Constitution of 1921, Article 7, Section 10, the appellate jurisdiction of this court in criminal cases extends to questions of law alone. Under the established jurisprudence of this state, it is well settled that, in the absence of a bill of exception, the judgment of the lower court will not be reversed except where

there is error patent on the face of the record. State v. Bob, 11 La.Ann. 192; State v. Tolliver, 35 La.Ann. 1109; State v. Lapenta, 144 La. 596, 80 So. 889; State v. Young, 153 La. 605, 96 So. 275; State v. Smith, 156 La. 685, 101 So. 22; City of Shreveport v. Brown, 168 La. 939, 123 So. 633; State v. LeBlanc, 171 La. 474, 131 So. 464; State v. Early, 183 La. 664, 164 So. 620; State v. Chretien, 184 La. 739, 167 So. 426; State v. Festervand, 189 La. 226, 179 So. 297; State v. Carlson, 192 La. 501, 188 So. 155; State v. LeBleu, 203 La. 337, 14 So.2d 17; State v. Phillips, 209 La. 194, 24 So.2d 374; State v. Calvin, 209 La. 257, 24 So.2d 467; State v. Owens, 210 La. 808, 28 So.2d 337; State v. Lecompte, 214 La. 117, 36 So.2d 695; State v. Dean, 215 La. 643, 41 So.2d 461; State v. Roy, 217 La. 1074, 47 So.2d 915.

In the instant case no bill of exception was prepared and presented to the trial judge for his signature and per curiam. Counsel for defendant did except and reserve bills to the overruling of the motion to quash and the admission of certain testimony, but counsel did not follow the procedural requirements of our Code of Criminal Procedure and of the jurisprudence to perfect these bills. Since defendant thus failed to perfect his bills, and since we find no error patent on the face of the record, there is no question of law for our determination on this appeal.

In State v. Chretien, 1936, supra, it was pointed out that the mere fact that defendants excepted and reserved a bill was not sufficient for this court to consider it a valid bill of exception. In that case we said:

"The second ground of this motion, that bills reserved show errors committed to the prejudice of the accused, is likewise without merit, as the record before us fails to show that any bill of exception was formally reserved and presented to and signed by the judge a quo, before an appeal was taken by defendants.

* * * * * *

" 'A notation by the clerk of court in a criminal case that the defendant excepted and reserved a bill cannot be considered a bill of exceptions. * * *

" 'Unsigned bills copied in the transcript are in legal contemplation no bills at all. * * *

" 'To amount to a bill of exceptions, it must be drawn, and it must be signed by the judge. * * *' "

Further, in State v. Owens, 1946, supra, we said: "The defendant * * * reserved several bills of exceptions during the course of his trial, but having failed to present them to the trial judge for his signature and action prior to his appeal, there are no valid bills before this court and, consequently, nothing for us to review since there are no errors patent on the face of the record. * * *"

In the recent case of State v. Roy, 1950, supra, this court stated [217 La. 1074, 47 So.2d 916.]: "During the course of the trial

defense counsel reserved numerous bills of exceptions; but none was perfected. * * * According to our statutory law and our jurisprudence this court cannot consider bills of exceptions taken during the course of the trial when they are not perfected by the signature of the district judge affixed before the appeal is ordered. * * * "

There is yet another reason why we cannot consider the matters urged by counsel for defendant on this appeal. On defendant's motion to quash the indictment testimony was taken and other evidence adduced, all of which is in the record; but, even though it is incorporated in the transcript, it cannot be considered by us and has no proper place in the record since it is not annexed to, and made part of, a bill of exception timely perfected.

In State v. LeBleu, 1943, 203 La. 337, 14 So.2d 17, it was stated: "It is well established in the jurisprudence of this state that evidence can be brought before this court in a criminal case only by incorporating it in a bill of exceptions. It cannot be considered, even though in the transcript, unless it is annexed to and made a part of the bill that has been timely reserved."

Again, in State v. Johnson, 1900-1901, 104 La. 417, 29 So. 24, 25, this court said:

"A motion for a change of venue appears to have been made on behalf of both defendants. Testimony was taken therein and is copied in the record. The motion was overruled, but no bill of exceptions to this ruling was taken. A bill was necessary, and the evidence has no proper place in the record, except as brought up by a bill of exceptions annexed to or made part thereof. * * *

"It is not considered, therefore, that anything relating to this motion for change of venue, or the testimony taken, is before the court."

In State v. Carr, 1904, 111 La. 716, 35 So. 839, the defendant was convicted of murder and sentenced to death. He filed a motion for a new trial, citing as one of the grounds therefor that two of the jurors were guilty of misconduct, and under this motion testimony was taken. The motion was overruled by the lower court. On appeal this court observed: "There was some testimony taken on this latter point upon the hearing of the application, and a note made of several objections urged. We find this testimony and these objections in the transcript, but no bill of exceptions. The necessity for such a bill has been repeatedly announced. We cannot consider the objections so raised * * * or the testimony so transcribed * * *."

There are numerous other cases in our jurisprudence to the same effect, and it is settled beyond any question that the only way evidence can be brought before the Supreme Court in a criminal case is by annexing it to, and making it a part of, a bill of exception timely reserved. State v. White, 37 La.Ann. 172; State v.

Richard, 42 La.Ann. 83, 6 So. 897; State v. James, 106 La. 462, 31 So. 44; State v. Simmons, 118 La. 22, 42 So. 582; State v. Aenspacker, 130 La. 717, 58 So. 520; State v. Warthen, 153 La. 260, 95 So. 711; State v. Crumble, 158 La. 495, 104 So. 303; State v. Stewart, 188 La. 546, 177 So. 662; State v. Lecompte, 214 La. 117, 36 So.2d 695.

We might observe that, had defendant perfected his bills of exception reserved during the trial, then it would not have been necessary for him to reserve and perfect a bill to the overruling of his motion for a new trial based upon those same bills of exception, under the provisions of Article 498 of the Code of Criminal Procedure. But, since he failed to perfect those bills, there is nothing before us for review, and we have no alternative except to affirm the conviction.

For the reasons assigned, the conviction and sentence are affirmed.