**57 So.2d 689**

**STATE v. JONES.**

**No. 40631.**

Feb. 18, 1952.

Carroll Montet, New Orleans, for defendant-appellant.

Bolivar E. Kemp, Jr., Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Leonard Greenburg, Acting Dist. Atty., Houma, Numa F. Montet, Asst. Dist. Atty., Thibodaux, for appellee.

HAMITER, Justice.

Lawrence C. Jones, the defendant herein, was tried under a bill of information charging perjury (a felony) in violation of LSA–R.S. 14:123, it reciting that on April 24, 1951, he " * * * appeared as a witness in a case between himself, the said Lawrence C. Jones, and one Charles V. Bilello, which case bears Number 9635 on the docket of the 17th Judicial District Court of the State of Louisiana, Parish of Lafourche, and committed perjury by testifying on the trial of said case as follows with respect to his signature appearing on a document material to the issues involved in said case and which said document was offered and filed in evidence at said trial, and marked for identification 'D–22', to-wit: 'Yes, I deny it. That is a forgery of my signature. That's a forgery of my signature. I deny it'; whereas, in truth and in fact the said signature referred to by the said witness was then and there his own true and genuine signature; * *."

At the conclusion of the trial defendant was found guilty by the judge (by whom he had elected to be tried). And, following the overruling of his motions for a new trial and in arrest of judgment, he was sentenced "to suffer imprisonment in the

Parish Jail for a term of six (6) months, provided that upon paying the cost of Court and serving two weeks, the remainder of sentence shall be suspended during good behavior."

Thereupon, defense counsel requested and obtained this appeal.

The record contains only one perfected bill of exceptions. It was reserved to the court's refusal to order the State to furnish the accused, as requested in his prayer for oyer filed on June 13, 1951, prior to arraignment, a complete transcript of all of the testimony adduced in the trial of the civil suit (out of which the instant perjury charge arose) numbered 9635 and entitled "Lawrence C. Jones v. Charles V. Bilello." In so refusing the request the court commented:

"In response to that prayer, the State has secured and produced a transcript of all of the testimony of the defendant the State declares to relate to the charge in this information.

"The prayer for oyer ordinarily and properly relates to documents in the possession of the other party to a proceeding. In the instant case, the State is not a party to the civil proceeding entitled and numbered as set forth above. The testimony of the Court Reporter is that on May 5, 1951, due notice was given to counsel for the defendant that a transcript of the testimony in the civil proceeding was ready to be filed and a statement of the charge therefor was

forwarded to him at that time. That testimony indicates that the information counsel for defendant seeks is available to the defendant without reference to the State. The testimony is not now in the possession of the State; consequently it is not within the province of this Court to direct the State to produce that which is not now and likely may never be in the possession of the State. The information counsel seeks is available to counsel without resort to the prayer for oyer.

"Notwithstanding that circumstance, the State has secured and produced what the Assistant District Attorney declares to be all of the pertinent testimony of Mr. Jones in the civil case referred to.

"Except insofar as the prayer for oyer has been complied with by the Assistant District Attorney, the prayer for oyer is otherwise overruled.

"The transcript of testimony in the civil case referred to, in which this defendant is a plaintiff, has not been filed only because the said defendant or his counsel has failed to pay for the transcript as provided by law."

We find no error in the ruling. It appears that at the time the accused presented the prayer for oyer the prepared transcript of testimony was in the possession of the court reporter, ready to be filed on payment of his charges. The obligation of making this payment was solely that

of the accused or his counsel, the civil suit not having been instituted under the .Pauper's Act. Therefore, being without possession of the transcript or any responsibility of paying for it, the State was under no duty to produce it.

█ The accused complains additionally that the judge erred in admitting in evidence during the trial, over his objection, the document marked for identification in the civil suit as D–22 and which is the basis for this prosecution. Assuming that the objection was timely made to the State's offer of the document and that defense counsel reserved a bill of exceptions to the court's overruling of it, we cannot review the ruling for the reason that a bill was never perfected by the presenting of it to the trial judge for his signature, a procedure necessary for obtaining consideration of the complaint on appeal. Article 499, Code of Criminal Procedure, LSA–R.S. 15:499; State v. Owens, 210 La. 808, 28 So.2d 337; State v. Cummings, 217 La. 672, 47 So.2d 41; State v. Roy, 217 La. 1074, 47 So.2d 915; State v. Honeycutt, 218 La. 362, 49 So.2d 210.

It is appropriate to observe, in conclusion, that our careful examination of the record failed to reveal any error patent on the face thereof.

For the reasons assigned the conviction and sentence are affirmed.