**66 So.2d 618**

**STATE v. GAINES et al.**

**No. 41290.**

July 3, 1953.

John P. Dowling, New Orleans, for defendant-appellant.

Fred S. LeBlanc, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Severn T. Darden, Dist. Atty., and Howard J. Taylor, Asst. Dist. Atty., New Orleans, for appellee.

HAWTHORNE, Justice.

Appellants, Walter Gaines and John Gaines, were charged in a bill of information with the unlawful possession of narcotic drugs, to-wit, six tablets of codeine and four tablets of morphine, tried before a jury, adjudged guilty, and sentenced to a term of 10 years' imprisonment in the state penitentiary. From these convictions and sentences they have appealed.

Several bills of exception were taken during the trial, but all of these have been abandoned except Bill of Exception No. 7, upon which appellants rely for reversal of the convictions and sentences. According to this bill, the State offered in evidence certain articles identified as "State 2, 3, 4, and 5", which were narcotics or containers of narcotics or narcotic paraphernalia, none of which the accused were alleged in the bill of information to have possessed. This bill sets forth the objection and the ruling of the court as follows:

"By Mr. Dreyfus: To the offer by the State of the brown bottle, State–4, we object, it goes beyond the scope of the bill of information, accused is not charged with possession of the narcotics. Same objection to State–3. The same objection to State–5 (eye dropper and hypodermic needle) on the same grounds. The accused are not charged with possession of paraphernalia.

"The Court: Overruled.

"Mr. Dreyfus: On behalf of each accused in regard to the three exhibits we reserve a bill, making part thereof the exhibits and objection and ruling of the Court.

"Mr. Dowling: On behalf of each accused, we object to the introduction of the brown envolope and contents, State–2, on the ground there is no evidence and no testimony connecting that package or its contents with any one of the accused, no evidence of ownership or possession as agent.

"The Court: Overruled.

"Mr. Dowling: I reserve a bill making the offer, the objection and ruling of the Court part of the bill."

In brief filed in this court appellants make no objection to State Exhibit No. 2, presumably because this exhibit was actually the six tablets of codeine and the four tablets of morphine which they were charged in the bill of information as possessing.

The objection to Exhibits Nos. 3, 4, and 5 was that the defendants were not charged in the bill of information with the possession of these particular objects, which were

identified in the trial judge's per curiam as a bottle which bore a label identifying it as a bottle that had once contained narcotics, an eye dropper, and a hypodermic needle. We think a fair construction of the objection made at the time of the introduction of these articles by counsel for the defendants is that they were irrelevant and immaterial and consequently improperly admitted in evidence.

■ The fact that these specific items were not named in the information as being possessed by the defendants does not, of itself, make them inadmissible in evidence for irrelevancy if for some other reason they were relevant.

The judge's per curiam to this bill reads as follows:

"This bill was taken to the ruling of the court admitting in evidence certain exhibits, such as a bottle, which did not contain narcotics but which bore a label identifying it as a bottle that did once contain narcotics, an eye dropper, and a hypodermic needle.

"The above evidence tended to corroborate the charge in the Bill of Information that the appellants possessed the narcotics charged in the Bill of Information.

"It was the Court's opinion that these exhibits were such as one would expect to find on the person or in the home of a person possessing narcotics."

A fair analysis and interpretation of the whole per curiam, which we have quoted hereinabove, shows that the judge was of the opinion, from the testimony adduced leading to their introduction in evidence, that the articles objected to were relevant as corroborating evidence of the intentional possession of narcotics, and for this reason he admitted them in evidence.

■■ Under the holding of this court in State v. Clark, 220 La. 946, 57 So.2d 904, these objects because of their nature were properly admitted as corroborating evidence when considered with the charge of possession of narcotics, provided, of course, that the evidence showed some connection between the accused and these objects.

The testimony showing the facts and circumstances which led to the offering in evidence by the State of these articles is not included in the bill of exception or annexed to it or made a part thereof. Under these circumstances we are unable to say that no connection was shown between the accused and these objects, as all we have before us is the bill of exception as perfected and the trial judge's per curiam. The trial judge, who heard the testimony leading to their introduction in evidence, apparently was of the opinion that these objects had been sufficiently connected with the defendants, and we cannot, without the benefit of such testimony, say he erred.

Moreover, the bill of exception as perfected is not sufficient to show their irrelevancy. See State v. Shoemake, 143 La. 65, 78 So. 240, on rehearing.

This case was appealed from the Criminal District Court for the Parish of Orleans, and, as is customary in transcripts in appeals from that court, all of the testimony taken during the trial has been placed in the transcript. Since all the testimony relating to the offering in evidence of the articles is in the transcript, counsel may have expected that we would consider it to determine whether the ruling of the trial judge on the admissibility of this evidence was correct. Any such expectation, of course, is futile, because for us to consider the testimony, although in the transcript, it must be presented in a bill of exception perfected in the manner prescribed by our Code of Criminal Procedure and the jurisprudence of this court.

Under Article 498 of the Code of Criminal Procedure, LSA–R.S. 15:498, the bill of exception is grounded on the objection made to the ruling of the court on some purely incidental question arising during the progress of the trial, and involves the correctness of the conclusion drawn by the court *from the facts recited in the bill.* Under Article 500, LSA–R.S. 15:500, the bill of exception must show *the circumstances* under which, and *the evidence* upon which, the ruling complained of is based. For us to consider the testimony, counsel would have to incorporate the testimony in, or annex it to, or make it a part of, the bill of exception.

We said in State v. Honeycutt, 218 La. 362, 49 So.2d 610, that it is well set-tled in the jurisprudence of this court that in a criminal case, even though the testimony may be taken, transcribed, and placed in the transcript, it cannot be considered by us and has no proper place in the record unless it is annexed to, and made a part of, a bill of exception timely perfected. In that case the following authorities were cited in support of this rule: State v. White, 37 La.Ann. 172; State v. Richard, 42 La. Ann. 83, 6 So. 897; State v. James, 106 La. 462, 31 So. 44; State v. Simmons, 118 La. 22, 42 So. 582; State v. Aenspacker, 130 La. 717, 58 So. 520; State v. Warthen, 153 La. 260, 95 So. 711; State v. Crumble, 158 La. 495, 104 So. 303; State v. Stewart, 188 La. 546, 177 So. 662; State v. Lecompte, 214 La. 117, 36 So.2d 695.

In the Honeycutt case, supra [218 La. 362, 49 So.2d 612], we quoted the following statement from State v. LeBleu, 203 La. 337, 14 So.2d 17:

"It is well established in the jurisprudence of this state that evidence can be brought before this court in a criminal case only by incorporating it in a bill of exceptions. It cannot be considered, even though in the transcript, unless it is annexed to and made a part of the bill that has been timely reserved."

In this court, both in oral argument and in brief counsel for appellants contend that the trial judge in overruling the objection did not pass upon the relevancy of the evidence offered but improperly delegated

this judicial function to the jury. That question is not before us because neither the bill of exception as perfected nor the per curiam of the trial judge, which are all we have before us in the instant case, shows any such delegation by him or any objection on such ground by the defendants.

For the reasons assigned, the convictions and sentences are affirmed.