FOURNET, Chief Justice.
The defendents, William Brown and Thomas Edward Tarr, having been convicted on a charge in a bill of information with the crime of armed robbery[1] in violation of R.S. 14:64,[2] prosecute this appeal *523 from their conviction and sentences to serve thirty years at hard labor, relying for the. reversal thereof upon several errors allegedly committed during the course of their trial, to which objections were timely made and perfected in three bills of exceptions.
Defendants reserved their first bill when the trial judge denied their request to have the victim of the robbery called in and be physically present during the voir dire examination of the prospective jurors, claiming that they were thereby denied the right to select a fair and impartial jury in that they were prejudiced in the exercise of their peremptory challenges. The second bill was reserved when the trial judge permitted the introduction of the testimony of a Chicago policeman who stated that defendant Brown had confessed to the alleged crime when questioned about a local matter, maintaining such testimony was “prejudicial and illegally admitted into evidence.” Defendants’ third bill was reserved when the trial judge denied their motion ,far a new trial based on the alleged errors forming the basis of their second bill.
Counsel for the defendants, in an application for' writs filed in this court on September 23, 1965, after the case had been. regularly set on the docket for argument, called our attention to the fact that the note of evidence taken during the course of the trial had not been included by the clerk in the transcript of the record lodged here, although they had made the evidence a part of their bills; and that they were unable to present properly their case on appeal without this evidence. Whereupon, we ruled the trial judge to either supply the transcript on or before the 6th day of October, the day set for hearing, or show cause for his refusal to do so. In his return, the trial judge denied the allegation that the testimony in the case was made a part of the bills. Moreover, the bills, prepared by counsel which the trial judge approved, do not state the evidence was made a part of them and attached thereto.
We therefore conclude the defendants are not entitled to have the transcript of evidence brought up or made a part of the record for the reason that under the well settled jurisprudence of this court, evidence taken during the trial of the case can only be brought up to the Supreme Court on appeal by annexing it to and making it a part of a bill of exceptions timely reserved,[3] and in the absence of any showing to the contrary, the trial *525 judge’s return stating that the testimony was riot made a part of the bills at the time they were reserved must be accepted as correct.[4]
We find no merit in the first bill of exceptions. Defense counsel have not shown how the refusal of the trial judge to permit them to exhibit the victim of the robbery during the voir dire examination of the prospective jurors could have affected the selection of a fair and impartial jury with the alleged resulting prejudice in the exercise of their peremptory challenges, nor can we perceive of any manner the defendants’ cause was prejudiced by the judge’s ruling.
In his per curiam to the second bill, the trial judge stated that according to the testimony taken on the predicate, the confession of defendant Brown to the Chicago policeman was freely and voluntarily made and therefore properly admitted into evidence. As in the first bill, no reasons were given why this testimony was objectionable, the defendants simply stated it was “prejudicial and illegally admitted;” and in the absence of a note of evidence attached thereto from which we can draw a contrary conclusion, the version of the trial judge must be accepted as correct.[5]
The last; bill of exceptions is also without merit as it is based on the alleged errors complained of in Bill No. 2 which lacks merit for the reasons hereinabove stated. See, R.S. 15:498[6].
For the reasons assigned, the convictions and sentences appealed from are affirmed.

. Mrs. Germaine Cazenave Wells was robbed of jewelry valued at approximately $75,000.

. R.S. 14:64 provides:
“A. Armed robbery is the theft of anything of value from the person of another
or which is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon.
“B. Whoever commits the crime of armed robbery shall be imprisoned at hard labor for not less than five and *523 not more than thirty years, without benefit of parole, probation or suspension of sentence, except as provided in R.S. 15:574.3 (G).”

. State v. Watson, 247 La. 102, 170 So. 2d 107; State v. Gaines, 223 La. 711, 66. So.2d 618; State v. Honeycutt, 218 La. 362, 49 So.2d 610; State v. Lecompte, 214 La. 117, 36 So.2d 695; State v. Stewart, 188 La. 546, 177 So. 662; State v. Aenspacker, 130 La. 717, 58 So. 520; State v. Simmons, 118 La. 22, 42 So. 582; *525 State v. James, 106 La. 462, 31 So. 44; State v. Richard, 42 La.Ann. S3, 6 So. 897; State v. White, 37 La.Ann. 172.

. State v. Howard, 243 La. 971, 149 So. 2d 409; State v. Edwards, 232 La. 577, 94 So.2d 674; State v. Delatte, 219 La. 715, 53 So.2d 906; State v. Wideman, 218 La. 860, 51 So.2d 96; State v. Guin, 212 La. 475, 32 So.2d 895; State v. Tullos, 190 La. 184, 182 So. 321.

. See Footnote 4.

. R.S. 15:498 provides:
“The bill of exceptions is grounded on the objection made to the ruling of the court on some purely incidental question arising during the progress of the cause; and involves the correctness of the conclusions drawn by the court from the facts recited in the bill. A bill of exceptions is not necessary, however, when the ruling complained of is the overruling of a motion for a new trial based upon bills of exceptions reserved during the trial.”