PROVOSTY, J.
Upon an indictment for shooting with intent to kill and murder, the accused was found guilty of shooting with intent to kill. He was sentenced to two years at hard labor,' and has appealed.
[1, 2] He complains -that to his request that the law of self-defense be charged, the judge answered in the presence of the jury that the law of self-defense had no application to the case. The judge’s per curiam is, in part, as follows :
“During my general charge to the jury I charged them fully relative to the law authorizing the use of force to repel force as applicable to the partj' attacked, and also to the extent an officer may go to repel force in making arrests.
“When I called for special charges counsel for accused requested verbally that I charge the law of self-defense, whereupon I stated that, T do not think the fequest is applicable in the case.’ To this statement counsel excepted and reserved his right to submit a bill, which comes in the foregoing form with the charges therein contained.
“I made this statement because I had already charged the law applicable to repelling force with force by the party attacked and the officer making arrests. No plea of self-defense had been made by accused, no evidence to sustain such plea, and no argument of counsel had been made in justification of same.
“However, immediately I charged the jury fully as to the law applicable to self-defense as formerly requested by counsel for accused, and not upon the request of the district attorney.”
A judge may, and should, refuse to give a charge inapplicable to the facts of a ease. But in the present case the law of self-defense could not have been inapplicable, since the judge did charge it, and since, as appears from the addendum of the district attorney to the bill, the prosecuting officer thought that to give the charge would be more prudent than to refuse it. The judge’s statement, therefore, in the presence of the jury that the law of self-defense was inapplicable to the case vitiates the verdict. It was in effect telling them that the accused was guilty, for the accused was not setting up any other defense.
[3] In the several bills in the transcript complaint is made of the judge’s having refused to allow the facts upon which the bills were founded to be'taken down by the clerk at the time the bills were reserved. The matters involved in these bills are not such as will recur upon another trial; hence it is unnecessary to pass upon them. We will, however, take advantage of the present occasion to impress upon trial judges the necessity of allowing the accused on all occasions the full benefit of the statute, requiring the facts upon which a bill is reserved to be taken down by the clerk at the time the bill is reserved.
The judgment appealed from is set aside, and the case is remanded for trial according to law.