McCALEB, Justice.
 

 Appellant, a twenty-year-old Negro, was indicted and tried for murder and found guilty as charged. Following the mandatory sentence of death by electrocution, he appealed, relying on five bills of exceptions for a reversal of his conviction.
 

 Ordinarily, the five bills of exceptions would not be reviewed by this court for, although taken during the progress of the trial, they were not perfected by presentation to the trial judge for his signature until long after the appeal had been taken.
 
 [1]
 
 It is well settled that “ * * after an appeal has been granted the trial court is immediately divested of jurisdiction and any bills filed thereafter and presented to the judge for his signature and per curiam come too late and cannot be considered on appeal.” State v. Dartez, 222 La. 9, 62 So.2d 83, 84 and cases there cited.
 

 However, since the district attorney in a spirit of utmost fairness has,
 
 *437
 
 because of the gravity of the offense, consented that the record be supplemented by the tardily completed bills and requested that they be passed upon, we will follow the course adopted on rehearing by our predecessors in State v. Wilson, 109 La. 74, 33 So. 85, and consider the bills as though they had been timely perfected. Compare State v. Honeycutt, 218 La. 362, 49 So.2d 610.
 

 An examination of the bills of exceptions makes it essential only that we pronounce on Bill No. 2, which was reserved to the overruling of a motion to quash the indictment based on the ground that appellant was called to testify before the Grand Jury in the proceeding which resulted in the finding of the indictment herein, and gave testimony, without being first advised of the privilege against self-incrimination vouchsafed to him by Section 11 of Article 1 of our Constitution. Const.L.S.A.
 

 For purposes of trial of the motion to quash, it was stipulated by the district attorney and counsel for appellant that, on January 4, 1955 (the day on which the indictment was returned), while appellant was being held in jail at Clinton, Louisiana, on the charge of murder, he was taken before the Grand Jury then in session at the courthouse for interrogation about the crime; that he did not request to be heard and did not have the advice of counsel; that he was not told by anyone in the Grand Jury room that he would not be required to testify, if his testimony would incriminate him; that he did not refuse to testify and that, when asked by the Grand Jury if he had shot Mr. Kirby, he stated that he had shot him in self-defense.
 

 The State admits that, had appellant been ordered to testify about the homicide over his express desire not to give evidence, the indictment would without doubt be a nullity, see State v. Donelon, 45 La.Ann. 744, 12 So. 922, but it is argued that the rule is different where an accused volunteers the self-incriminating testimony. It is further contended that, since appellant predicated his entire defense at the trial upon a plea of self-defense, he could not have been prejudiced in any way by his appearance before the Grand Jury.
 

 There is no merit in these arguments. Section 11 of Article 1 of the Constitution prescribes that “No person shall be compelled to give evidence against himself in a criminal case or in any proceeding that may subject him to criminal prosecution, * * The indictment is the foundation of the criminal case and, if it is grounded, in whole or in part, on evidence secured in violation of a constitutional right, it is an absolute nullity.
 

 Appellant should not have been brought before the Grand Jury, which was investigating the crime for which he was being held in custody, for the purpose of
 
 *439
 
 giving evidence, in the absence of a request by him to appear and his interrogation concerning the crime for which he was being held, without being fully advised of his privilege against self-incrimination, was tantamount to obtaining his testimony through compulsion, in violation of his constitutional rights. That his admission that he fired the fatal shot was incriminating evidence can hardly be gainsaid, even though appellant claimed that he acted in self-defense.
 

 Although no authority directly in point is to be found in Louisiana, cases are legion throughout this country on the question at hand. The most comprehensive treatment of the subject and its various facets is to be found in a recent annotation entitled “Privilege against self-incrimination as to testimony before grand jury” 38 A.L.R.2d pages 225 through 317. Under Sections 29 and 30 of this annotation, cases from New York, Pennsylvania, Minnesota, Missouri, Illinois, North Carolina, Alabama, Kentucky and Georgia are reviewed which support our view that, where the Grand Jury investigation is directed against the defendant, the indictment will be invalidated upon a showing that he was called before that body to give evidence and testified without being first advised of his privilege against self-incrimination.
 

 The motion to quash is well founded. It is sustained and the indictment is annulled.
 

 The judgment appealed from is therefore reversed and appellant is ordered discharged.
 

 [1]
 

 . Appellant was sentenced on February 14, 1955 and the appeal was taken on the same date. The bills of exceptions were not presented to the judge for his signature until March 17, 1955 and they were filed by the Clerk of the District Court on March 22, 1955.