FOURNET, Chief Justice.
 

 T. J. Jemison, against whom an indictment
 
 [1]
 
 was returned by the East Baton Rouge Parish Grand Jury charging him
 
 *790
 
 with theft, filed a motion to quash
 
 [2]
 
 the same claiming the nullity of the indictment for the reason that he was required to appear and testify before the Grand Jury then in session without being advised that he could not “be compelled to give evidence against himself in a criminal case or in ai»y proceeding that may subject him to criminal prosecution”
 
 [3]
 
 where' he did admit to cashing a check made out to the Mount Zion Baptist Church (of which he was the pastor) in the amount of $100 and the subsequent use of the money in supporting the election of a candidate for the school board upon which evidence the indictment was grounded in whole or in part. After hearing the trial judge sustained the motion and ordered the prosecution dismissed to which ruling the State reserved a bill of exceptions and prosecutes this appeal.
 
 [4]
 

 According to the per curiam of the trial judge he declined to sign the bill of exceptions, timely tendered to him by the District Attorney, for the reason that “it is not correct and sets forth matters not embraced in the bill of exceptions at the time it was taken in open court.” Obviously, therefore, as pointed out by this court this day in an opinion handed down entitled State of Louisiana v. Smalling, 240 La.-, 125 So.2d 409, on Rehearing,
 
 [5]
 
 in the absence of the signature of the trial judge the bill is without effect and leaves nothing to review on appeal from the ruling complained of.
 

 However, if we were authorized to review the ruling of the trial judge
 
 [6]
 
 in this case, since neither the testimony heard on the trial of the motion nor the judge’s reasons for his ruling are to be found in the record, we would be bound by his per curiam in which he stated his appreciation of the evidence and gave a résumé of his reasons for judgment, and we think on the basis of the facts as found properly concluded, on the authority of the decision of this court in the case of State v. Harrell,
 
 [7]
 
 that the defendant should not have been brought before the Grand Jury, which was investigating the crime which he was suspected of committing from information already in its possession, in the absence of a
 
 *792
 
 request by him to appear, and that he should not have been interrogated concerning said crime of theft, without being fully advised of his privilege against self-incrimination and that the bill of indictment, being grounded in part on evidence so secured, was an absolute nullity.
 
 [8]
 

 For the reasons assigned the judgment appealed from is affirmed.
 

 McCALEB, J., concurs and further states that he is in accord with the view of FOURNET, C. J., that the per curiam of the judge is reviewable.
 

 HAWTHORNE, J., concurs in the decree.
 

 [1]
 

 . This is one of four indictments returned against defendant charging him with the theft of various sums of money, the property of tile Mount Zion Baptist Church of Baton Rouge, Louisiana, in violation of R.S. 14:67.
 

 [2]
 

 . Identical motions to quash were filed in each of the cases referred to in footnote (1) supra. All four of the motions were taken up simultaneously and the evidence and the argument of counsel applied, by consent, to all cases.
 

 [3]
 

 . Article 1, Section 11, Louisiana Constitution.
 

 [4]
 

 . Motion to dismiss the appeal was filed by defendant-appellee. However, on joint motion of appellant and appellee it was agreed that said motion would be refcrred to the merits and the case submitted on briefs.
 

 [5]
 

 . Bearing Nos. 45,054, 45,055, 45,056, 45,-057 and 45,058 on the docket of this court.
 

 [6]
 

 . The author of this opinion is of the opinion, although not necessary to the decision in this case, that the per curiam of the trial judge, having been timely filed, is reviewable by this court.
 

 [7]
 

 . 228 La. 434, 82 So.2d 701.
 

 [8]
 

 . Cf. State of Louisiana v. Smalling, 240 La. 915, 125 So.2d 409, on Rehearing, supra footnote (5).