On Rehearing
 

 HAMITER, Justice.
 

 In these five cases (consolidated in the district court, and here on appeal, inasmuch as they present the same issues) three bills of information charged the defendant with the crime of theft (LRS 14:67) and two with the offense of public bribery (LRS 14:118). ' '
 

 The defendant moved to quash all informations primarily on the ground that he had been compelled to testify before the East Baton Rouge Grand Jury, relative to the crimes charged against him, in connection with that body’s investigation of public bribery involving the named parish’s school board of which he was an employee; and that the charges were founded in whole or in part upon his testimony in violation of Article XIX, Section 13, of the Louisiana Constitution, the provisions of .which read: “Any person may be compelled to testify in any lawful proceeding against any one who may be charged with having committed the offense of bribery and shall not be permitted to withhold his testimony upon the ground, that it may incriminate him or subject him to public infamy; but such testimony shall
 
 *920
 
 not afterwards be used against him in any judicial proceedings, except for perjury in giving such testimony.”
 

 The state answered the motions, denying that the defendant had been compelled to appear and testify before the grand jury and affirmatively alleging that he had requested the privilege of doing so.
 

 After a hearing on the motions, at which evidence was adduced on the conflicting allegations, the district court quashed all five informations.
 

 Subsequently, the district attorney presented formal bills of exceptions to the judge who refused to sign them (no effort was made to compel the signing). However, the judge did file per curiams; and, on the same day, he granted to the state these appeals.
 

 On the original hearing in this court the judgments were affirmed. But, on the state’s application, rehearings were granted which vacated our original opinions and decrees.
 

 Often we have said that unsigned bills of exceptions (or bills signed after an appeal has been taken) are of no effect and that, consequently, any evidence referred to therein or even made a part thereof cannot be reviewed by us. State v. Stewart, 188 La. 546, 177 So. 662; State v. LeBleu, 203 La. 337, 14 So.2d 17; State v. Owens, 210 La. 808, 28 So.2d 337; State v. Lecompte, 214 La. 117, 36 So.2d 695; State v. Dartez, 222 La. 9, 62 So.2d 83, and State v. Ware, 228 La. 713, 84 So.2d 56.
 

 The state gives recognition to this well established rule, but it argues here that '“the judge of the lower court erred on matters of law and that the error is patent on the face of the record.” Neither in its brief on the original hearing nor in that in support of the application for rehearing does the state point out any error discoverable on the face of the record. Rather, those briefs are devoted almost wholly to a discussion, an evaluation, and the effect of the evidence adduced'at the hearing of the motions to quash; and the principal argument therein made is that the defendant did not sustain his allegations relative to compulsion by definite and competent evidence. This argument, manifestly, addresses itself to the evidence which, under the circumstances above pointed out, we cannot consider.
 

 It has been suggested that, even though we do not consider the evidence (which is physically in the transcript), the per curiams of the trial judge will support the state’s mentioned argument. We entertain serious doubt that we are authorized to take notice of the judge’s findings of fact, for it would appear that his per curiams reciting such conclusions can have no more efficacy than the unsigned bills of exceptions to which they solely relate.
 

 
 *922
 
 But assuming arguendo that it is proper for us to give consideration to such per curiams they do not substantiate the state’s position. In them the judge specifically finds and declares that the defendant was compelled to testify before the grand jury in connection with its investigation of public bribery and, further, that the informations filed against him were based on his testimony. This being true the informations were without effect and, hence, properly quashed. An indictment (or information) is the foundation of a criminal prosecution (State v. Harrell, 228 La. 434, 82 So.2d 701); and when a person is compelled to give testimony of a self-incriminating nature before a grand jury investigating bribery “such testimony shall not afterwards be used against him in any judicial proceedings, except for perjury in giving such testimony.” (Article XIX, Section 13, of the Louisiana Constitution—quoted in full supra.)
 

 Of course, the evidence exacted from this defendant was not illegally obtained, because the grand jury (in its bribery investigation) had the right under the cited constitutional provisions to compel him to testify even though he might thereby be incriminated. But the state was thereafter barred, as before shown, from using his testimony in the filing and prosecution of charges against him. This has been recognized by us in three relatively recent cases. State v. Rodrigues, 219 La. 217, 52 So.2d 756; State v. Dominguez, 228 La. 284, 82 So.2d 12, and State v. Ford, 233 La. 992, 99 So.2d 320.
 

 -In its brief in support of the application for a rehearing, as well as in that submitted on the original hearing, the state urged that Article XIX, Section 11, of the Louisiana Constitution does not apply to a person who, like the defendant here, is summoned to give testimony when he is the one being investigated for bribery; that it is applicable only when he appears as a witness against someone else. We are satisfied of the correctness of our conclusion relative to this point announced in the original opinion, it being that such constitutional provisions apply to any witness compelled to give testimony in a bribery investigation even though he be the person charged.
 

 Moreover, it would seem that a sustaining of the state’s last mentioned contention would completely defeat the purpose thereof. If Article XIX, Section 13, of the Louisiana Constitution does not apply to this defendant then the grand jury illegally compelled him to give the testimony, by which he incriminated himself, in clear violation of Article I, Section 11, of the Louisiana Constitution (alternatively pleaded herein), with the result that, under the direct holding in State v. Harrell, supra, the informations were fatally defective.
 

 
 *924
 
 ' Fór the reasons assigned the decrees in all five of the above numbered and entitled causes are reinstated and made the final judgments of this court.
 

 Hawthorne, J., concurs in the decree.