I

168 So.2d 105

**STATE of Louisiana**

v.

**Henry MONTGOMERY.**

No. 47513.

Oct. 28, 1964.

In re: Murphy W. Bell. applying for writs of certiorari, mandamus and prohibition.

Writs refused. The showing made does not warrant the exercise of our supervisory jurisdiction.

168 So.2d 105

**STATE of Louisiana**

v.

**Orvell LITTON.**

No. 47512.

Oct. 28, 1964.

In re: Orvell Litton applying for writs of certiorari, prohibition, mandamus and habeas corpus.

Writs refused. Applicant has an adequate remedy by appeal in the event of a conviction.

SUMMERS, J., is of the opinion the relief prayed for should be granted. Upon the authority of numerous adjudications of this Court (State v. Jemison, 240 La. 787, 125 So.2d 363; State v. Harrell, 228 La. 434, 82 So.2d 701; State v. Smalling, 240 La. 887, 125 So.2d 399) the indictment returned herein is fatally defective, for, among other reasons, the defendant was brought before the Grand Jury investigating the crime which he was suspected of committing, in the absence of a request by him to appear, and he was interrogated therein without being fully advised of his privilege against self-incrimination. To make this accused withstand the prolonged and arduous travail of a trial; to require the state's attorney and the court to proceed and to consume the time and effort of the jury in a trial based on an obviously illegal indictment in my view defeats the ends of justice. Especially is this true here as the accused is not entitled to bail until he is either acquitted or finally convicted. The basis on which the majority seeks to justify its ruling is that the orderly proceeding of a trial will not be disturbed when there is a remedy by appeal. In my view the remedy by appeal is not adequate, for the accused will have been illegally imprisoned during the entire proceedings and the state and the accused will have to undergo a useless trial.