172 So.2d 668

**STATE of Louisiana**

**v.**

**Daniel CALLAHAN.**

Nos. 47468, 47469.

Feb. 23, 1965.

Rehearing Denied March 29, 1965.

Jack P. F. Gremillion, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Jim Garrison, Dist. Atty., Louise Korns, Asst. Dist. Atty., James L. Alcock, Asst. Dist. Atty., for appellant.

Zelden & Zelden, New Orleans, for appellee.

SANDERS, Justice.

The Orleans Parish Grand Jury returned two indictments against Daniel Callahan, a police officer, charging him with public bribery in violation of LSA–R.S. 14:118.

One indictment charged that he accepted $50.00 from Edward J. Bernard, Sr., on December 30, 1962, with the intent that his conduct as a police officer of the New Orleans Police Department would be influenced. The second indictment charged that he accepted $20.00 from Bernard on August 9, 1963, with a like intent.

The Grand Jury returned the indictments after Callahan had testified before that body in response to a subpoena.

The defendant filed a motion to quash the indictments on the ground that his testimony before the Grand Jury was used as the basis of the indictments in violation of Article I, Section 11 and Article XIX, Section 13 of the Louisiana Constitution L.S.A., and, additionally, that the indictments violated the defendant's rights under the Fifth and Fourteenth Amendments of the United States Constitution.

On the motion to quash, the state produced the Grand Jury proceedings, after withdrawing its opposition to a subpoena duces tecum.

After both parties submitted briefs, the trial judge sustained, with written reasons, the motion to quash both indictments. Having reserved a bill of exceptions to the ruling, the state appeals to this Court.[1]

Article I, Section 11 of the Louisiana Constitution declares:

"No person shall be compelled to give evidence against himself in a criminal case or in any proceeding that may subject him to criminal prosecution, except as otherwise provided in this Constitution. * * *"

Article XIX, Section 13 of the Louisiana Constitution provides:

"Any person may be compelled to testify in any lawful proceeding against any one who may be charged with

1. See State v. Harrison, 154 La. 1011, 98 So. 622 and the cases therein cited.

having committed the offense of bribery and shall not be permitted to withhold his testimony upon the ground that it may incriminate him or subject him to public infamy; but such testimony shall not afterwards be used against him in any judicial proceedings, except for perjury in giving such testimony."

The record establishes that the crime of public bribery was being investigated by the Grand Jury, that the defendant, a suspect, testified in response to a subpoena, and that he was subsequently indicted for the crime.

■ The indictment is the foundation of criminal prosecution. If grounded in whole or in part on evidence secured in violation of the defendant's constitutional rights, it is an absolute nullity. State v. Kimberlin, 246 La. 441, 165 So.2d 279; State v. Smalling, 240 La. 915, 125 So.2d 409; State v. Jemison, 240 La. 787, 125 So. 2d 363; State v. Harrell, 228 La. 434, 82 So.2d 701.

The state concedes that the defendant could not refuse to testify before the Grand Jury in an investigation of public bribery. It further concedes that under the established jurisprudence, if the indictments were grounded in whole or in part on defendant's testimony, they are nullities. The state, however, asserts that the indictments were not based on the defendant's testimony.

It is true that Callahan, when questioned before the Grand Jury, denied his guilt of public bribery. An analysis of his testimony, however, reveals that he admitted he had contact with the alleged bribe-giver at his place of business and on various occasions received money from him. Callahan explained that they transferred the money in making change for larger bills.

In his well-reasoned opinion, the trial judge stated:

"From the testimony and Grand Jury testimony it is clear that the defendant was being investigated for the alleged crime of public bribery, that he appeared before the Grand Jury in response to a subpoena and was questioned at length about money transactions with one Edward Bernard, that he admitted that on several occasions he had received money from Bernard but that it was received as change for a larger bill given Bernard and not as a bribe; that his admissions were corroborative of Bernard's and others' testimony to the effect that:

money had changed hands and were, therefore, incriminatory.

"The Court, therefore, concludes that the indictments were based in part at least on the testimony of Callahan. * * *"

█ We agree that the indictments were founded in part upon the defendant's incriminating testimony.

█ Alternatively, the state contends that the admissions of the defendant made an insignificant contribution to the jury's knowledge; furthermore, the evidence from other witnesses was sufficient to justify the indictments, and for that reason they should be upheld. We find no merit in this argument. The Grand Jury testimony of the witnesses, other than Callahan, is not before us since it was not made a part of the Bill of Exceptions. LSA–R.S. 15:500. Moreover, as we view it, the defendant's testimony was significant, and we cannot assume that the Grand Jury ignored the testimony in its deliberations.

We hold, therefore, as did the trial court, that the motion to quash is well founded.

For the reasons assigned, the judgment of the Criminal District Court for the Parish of·Orleans is affirmed.