McCALEB, Justice.
Appellant was indicted by the Grand Jury of East Baton Rouge Parish for the negligent killing of Robert W. Smith, Jr., in violation of Article 32, Louisiana Criminal Code. After trial and conviction, he was sentenced to serve three years in the State Penitentiary, which sentence was suspended, and he was placed on supervised probation for a like period. He has appealed, relying on two bills of exceptions for a reversal of his conviction and sentence.
*131 ' One of the bills was taken to the' overruling of appellant’s' motion to quash the' indictmént. It'is alleged in this motion that, following the motor vehicle collision in which the other motorist was killed, the police, upon their arrival at the scene, propounded numerous questions to appellant concerning the material facts and events leading up to the accident, and that appellant in responding thereto gave inculpatory statements directly bearing upon his negligence; that at no time prior to the questioning was appellant advised of his constitutional rights against self-incrimination, nor was he theretofore informed respecting his constitutional right to the advice of counsel, and that such' interrogation was violative of his rights under the Fifth and Fourteenth Amendments to the Constitution of the United States under the standards laid down by the United States Supreme Court in Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977; and Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. It was further alleged that the information obtained by the officers was recorded on a written police report and was later used before the grand jury, both in the form of the police report and by direct testimony of the police officers involved, to obtain the indictment against appellant, and that such indictment secured on this illegal evidence is null and void.
Prior 'to trial before the petit jury, a hearing was had on the motion to quash, at which the judge found that certain inculpatory statements were taken from appellant without his being fully advised of his right not to speak, or to have the advice of counsel, as required by the “in-custodial” rules of the Escobedo and Miranda cases. Nevertheless, the judge concluded that, whereas he would not permit the state to' introduce in evidence at the trial any of the statements thus obtained from appellant, the motion to quash the indictment had to be overruled because there was nothing to show what evidence had been heard by the grand jury and, hence, nothing to establish that evidence of the inculpatory statements appellant gave the investigating officers was ever submitted to the grand jury and considered by it in finding a true bill.
Counsel for appellant argues that the effect of the judge’s ruling is to deny appellant his constitutional rights because it is unlawful for an accused to be tried for crime under an indictment based in part on illegally obtained evidence. The theory of counsel’s position is that, since this Court has many times stated that the indictment is the foundation óf a criminal prosecution and that it’ should be quashed whenever it is secured on evidence taken in violation of. the constitutional rights of the ac *133 cused,[1] the indictment is null and void if it is grounded in whole or in part on illegal evidence, despite the contrary provisions of Article 442, Code of Criminal Procedure.
The contention made by counsel cannot be sustained. Indeed, it may not even be considered as the premise on which it is founded has not been established. The transcript of the testimony taken on the trial of the motion to quash, which is attached to and made part of the bill of exceptions, is devoid of any evidence showing that the alleged inculpatory statements of appellant were presented to the grand jury and, for that matter, there is no proof to show what evidence the grand jury may have considered in returning the indictment. Under the circumstances, the proposition advanced by counsel falls of its own weight
The other bill of exceptions, which was taken when the trial judge refused a special requested charge submitted by defense counsel concerning the necessity that the State prove that appellant was guilty of criminal negligence, is likewise insubstantial. The judge refused the requested special charge on the ground that it was covered in his general charge. Plowever, defense counsel takes issue with the comment of the judge and points to a statement made near the end of the general charge in which it ■ is declared:
“However the death must have been the direct result wholly or in part of the defendant’s negligence. In other words, the negligence of the defendant must have been the proximate or efficient cause of the death of the deceased.”
- The complaint is that the judge should have used the words “criminal negligence” instead of just “negligence” and that, if he had done so, the charge would have been correct.
We find this argument .specious as it fails to take into account the general charge as a whole. A reading of the general charge reveals that the judge explained in detail that, in order to convict, the jury must find that appellant was guilty of criminal negligence. As correctly stated by the judge in his per curiam, he fully explained the difference between criminal negligence, as defined by Article 12 of the Criminal Code, and ordinary actionable negligence. We think the charge wholly adequate and that the jury could not have been confused by the above-quoted portion thereof, which defense counsel isolates as a basis for reversible error by the refusal of appellant’s requested special charge number four.
*135 In an application for a new trial appellant sought to inject, as an additional claim, that his constitutional rights had been violated because the trial court allegedly permitted the police officers, who interrogated appellant, to testify at length on facts which they (allegedly) of necessity acquired from their illegal questioning of appellant under the Escobedo and Miranda cases. And counsel especially assigns as error the overruling of the motion for a new trial on the basis of “the fruit of the poisonous tree” doctrine, citing Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441.
Since counsel did not object to the alleged prejudicial evidence of the officers at the time it was given and reserve a bill of exceptions to its admission, the contention presents nothing for review as we have no way of knowing the nature of the officers’ testimony. Under Article 841 of the Code of Criminal Procedure, an irregularity or error in the proceedings cannot be availed of after verdict unless it is objected to at the time of its occurrence and a bill of exceptions reserved to an adverse ruling on such objection. Indeed, inasmuch as none of the evidence heard on the trial has been made part of the record on appeal, this Court cannot under any view of the case determine whether the claim of defense counsel, that the trial court permitted the police officers to testify concerning facts which they necessarily learned from their alleged illegal questioning of appellant, is true and correct.
The conviction and sentence are affirmed.

. See State v. Harrell, 228 La. 434, 82 So. 2d 701; State v. Jemison, 240 La. 787, 125 So.2d 363; State v. Smalling, on rehearing, 240 La. 915, 125 So.2d 409; State v. Kimberlin, 246 La. 441, 165 So. 2d 279; and State v. Callahan, 247 La. 525, 172 So.2d 668.