269 So.2d 816

**STATE of Louisiana**

v.

**William Vernon LONIGAN.**

**No. 52360.**

Nov. 28, 1972.

Dissenting Opinion Dec. 6, 1972.

Jordan & Ponder, John D. Ponder, Roger W. Jordan, Metairie, for defendant-appellant.

William J. Guste, Jr., Atty. Gen., Harry H. Howard, Asst. Atty. Gen., John M. Mamoulides, Dist. Atty., Thomas P. McGee, Asst. Dist. Atty., for plaintiff-appellee.

PER CURIAM.

Defendant, William Vernon Lonigan, appeals from the conviction of murder without capital punishment for which he was

sentenced to life imprisonment in the State Penitentiary, La.R.S. 14:30. During his trial, the defendant reserved twenty-nine bills of exceptions. On this appeal he expressly waived nine of the bills, and has apparently abandoned sixteen others in view of his failure to argue them in his brief. Consequently, the defendant relies upon the remaining bills of exceptions, Nos. 26, 27, 28 and 29, to obtain a reversal of his conviction and sentence.

Bill of Exceptions No. 26 was reserved to the refusal of the trial judge to charge the jury with reference to self defense; Bill of Exceptions No. 27 was reserved to the refusal of the trial judge to grant the requested charge relative to intoxication as a defense. Bill of Exceptions No. 28 was taken to the charges given by the court "in so far as they were in conflict with the special charges requested by the defense." Bill of Exceptions No. 29 was taken to the refusal to grant a new trial. The motion for new trial complained of the failure of the trial court to grant the requests for special charges on self defense and intoxication, and contended that the trial court commented upon the evidence, contrary to C.Cr.P. 806[1] in denying the requested charges.

1. "The court shall not charge the jury concerning the facts of the case and shall not comment upon the facts of the case, either by commenting upon or recapitulating the evidence, repeating the testimony of any witness, or giving an opinion as to what has been proved, not proved, or refuted."

See also C.Cr.P. 772:

"The judge in the presence of the jury shall not comment upon the facts of the case, either by commenting upon or re-

Defendant's requested charges No. 9 and No. 10 were not read aloud in the presence of the jury. Defendant's requested charges were considered by the trial judge and discussed with the attorneys involved in chambers. In the process of charging the jury, the trial judge made his rulings on the defendant's requested jury instructions. The requested instructions numbered 9 and 10 were not read aloud in the presence of the jury. The trial judge ruled in the following words which could have been heard by the jury: "Request for special charge No. 9, relative to self defense, is denied on the basis that the evidence does not support such a charge." In denying special charge No. 10, the trial judge stated within the hearing of the jury: "Request for special charge No. 10, relative to intoxication, is denied on the basis that the evidence does not support such a charge."

Defense attorney reserved bills "to the denial" of the special charges, and "the ruling of the court, which ruling of the court is clearly a comment on the evidence in the presence of the jury."[2]

Several times this court has considered questions almost exactly like the one here presented. In State v. Iverson, 136 La. 982, 68 So. 98, it was held to be reversible error for the judge to say in the hearing of the jury, " 'I find no evidence in the case to justify such a charge.' " The defense counsel had requested a charge on "accidental homicide" at the conclusion of the judge's instructions to the jury.

The Iverson case followed State v. Langford, 133 La. 120, 62 So. 597. There the judge charged the jury, then called for any special charges the defense counsel wished to request. The defense counsel requested that the judge " 'charge the law of self-defense,' " whereupon the judge stated, " ' "I do not think the request is applicable in the case." ' " The court held that this was in effect informing the jury that, in the judge's opinion, the defendant was guilty, because the defendant had not attempted to set up any other defense.

capitulating the evidence, repeating the testimony of any witness, or giving an opinion as to what has been proved, not proved, or refuted."

2. The record is not clear that the defendant objected to the statements of the judge at the time of his ruling on the ground that they constituted comments upon the facts or upon the evidence. The formal bills of exceptions contain the defendant's complaint that the judge's remarks constituted a prohibited comment

upon the facts or the evidence. When an objection is made, the grounds for the objection should be stated, to give the judge an opportunity to rule correctly and to correct any error that can be corrected. However, we held in State v. Green, 231 La. 1058, 93 So.2d 657, that if an inference can be drawn from a judicial comment on the facts that the court expresses or implies an opinion as to the guilt of the accused, the error cannot be cured by an instruction to the jurors that the remarks be disregarded.

The long-standing jurisprudence has been codified in Louisiana. The Code of Criminal Procedure of 1928 prohibited, in article 384, the judge's instructing the jury upon the facts of the case. The Code of Criminal Procedure of 1966, in articles 772 and 806, could hardly be more specific in prohibiting judicial comment upon the facts and the evidence. The holding in State v. Green, supra, has been criticized. See 18 La.L.Rev. 135. In spite of the criticism, the official revision comment concerning Code of Criminal Procedure article 772 states:

"(a) This article was considered by the Advisory Committee, by the Council, and also at the 1963 general meeting of the Louisiana State Law Institute. The Advisory Committee unanimously adopted the article, favoring a strict rule against comment on the facts by trial judges. At the general meeting also, there was strong opposition to allowing judges to comment on the facts."

Consequently, we conclude that the judge's statement that the requested charges were denied "on the basis that the evidence does not support such a charge" was a prohibited comment upon the facts or the evidence. The conviction and sentence are annulled and set aside and the case is remanded for a new trial.

SANDERS, Justice (dissenting).

I do not reach the question of whether the trial judge's ruling on the special

charges constituted a comment upon the evidence.

The complaint that the trial judge commented upon the evidence was made for the first time in a motion for a new trial.

Subject to exceptions not pertinent here, Article 841 of the Louisiana Code of Criminal Procedure provides:

"An irregularity or error in the proceedings cannot be availed of after verdict unless it is objected to at the time of its occurrence and a bill of exceptions is reserved to the adverse ruling of the court on such objection. Failure to reserve a bill of exceptions at the time of an adverse ruling of the court operates as a waiver of the objection and as an acquiescence in the irregularity or ruling."

When the defendant offered no objection and made no motion respecting the alleged comment on the evidence at the time of its utterance, the matter was waived. A defendant cannot bide his time to see if the verdict will be favorable and, if not, then pounce upon a language-error of the trial judge in denying a special charge. See State v. Reed, 252 La. 128, 209 So.2d 730 (1968); State v. Fink, 255 La. 385, 231 So.2d 360 (1970).

For the reasons assigned, I respectfully dissent.

BARHAM, Justice (dissenting).

The trial court refused to charge the jury on the laws of self-defense and intoxication as a defense, with the comment " * * * the evidence does not support such a charge". The majority has concluded that this was a comment upon the evidence by the trial judge before the jury and as such was reversible error. If the majority had found that the laws of self-defense and intoxication as a defense were proper charges which the judge had refused to give and the bills presented evidence to support such a conclusion, I would wholeheartedly join with the majority. But from the record before us I must assume that self-defense and the defense of intoxication were not as a matter of law defenses under the evidence as presented in the case, since the jury was not charged to consider the evidence under these principles of law. Because neither charge was given to the jury, self-defense and intoxication as a defense were not before the jury as a matter of law or as a matter of fact.

A determination of whether the evidence supports a charge requested by the defendant is a law-finding function to be discharged by the judge alone. That determination should ordinarily be made without comment before the jury. But where the comment is that the evidence will not support the charge of certain legal principles and where in consequence those legal principles are not before the jury, the comment cannot be one upon evidence which the jury is weighing.

The jury could not be weighing whether the evidence supported a plea of self-defense or the defense of intoxication, for the judge refused to instruct them that this law was applicable to the case before them. They were bound to consider the evidence under the law as given to them by the court. Here, since the majority has not found that self-defense and intoxication as a defense were charges that had to be given under the evidence and since the trial court has found that they were charges not supported by the evidence, we are bound to reach a conclusion that the evidence of these two defenses was not before the jury. Any comment, therefore, about evidence affecting these two principles of law could not be comment upon the evidence weighed by the jury in determining this defendant's guilt.

I respectfully dissent.