PER CURIAM.
Defendant, William Bersch, was tried by a jury and found guilty of aggravated rape, La.R.S. 14:42, and sentenced to serve a life imprisonment in the state penitentiary. On this appeal, the defendant reserved one bill of exceptions alleging that because the trial judge declared a recess and left the courtroom during the drawing of tales jurors, the jurors’ names were not, in fact, selected in open court as required by La.C.Cr. P. Art. 784.
La.C.Cr.P. Art. 784 provides:
“In selecting a panel, names shall be drawn from the petit jury venire indiscriminately and by lot in open court and in a manner to be determined by the court.”
The court minutes disclose that after the trial judge ordered “a jury of twelve drawn to try the case”, four jurors were “duly and legally called and sworn”. Further, the minutes report, “At this point the Court ordered 25 additional names drawn from the General Venire box, whereupon the following names were drawn and duly and legally summoned to appear as part of the Petit Jury Venire.” After the jury was empanelled and sworn in, counsel for the defense offered his objection to the method of drawing the twenty-five additional names. The trial judge denied that a recess had been declared, and ruled that the names of the tales jurors had been drawn regularly and in open court.
There was no timely objection to this alleged irregularity made by defense counsel at the time of the occurrence.
In its pertinent part, La.C.Cr.P. Art. 841, states:
“ * * * An irregularity or error in the proceedings cannot be availed of after verdict unless it is objected to at the time of its occurrence and a bill of exceptions is reserved to the adverse ruling of the court on such objection. . . ” See State v. Reed, 252 La. 128, 209 So.2d 730 (1968).
In the instant case defense counsel was apparently aware of the alleged irregularity, but, nevertheless, waited until after the voir dire examination and swearing in of the jury before making his objection.
In any event, the minutes in the record do not reflect that any recess was called or that there was any other irregularity in the manner of the selection of the jury panel. This bill is insubstantial.
For these reasons, the conviction and sentence are affirmed.
BARHAM, J., concurs.