298 So.2d 739 (1974)
STATE of Louisiana
v.
William Vernon LONIGAN.
No. 54434.
Supreme Court of Louisiana.
June 10, 1974.
Rehearing Denied August 30, 1974.
*740 Roger Jordan, Metairie, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John M. Mamoulides, Dist. Atty., Thomas P. McGee, First Asst. Dist. Atty., Abbott J. Reeves, Sp. Asst. Dist. Atty., for plaintiff-respondent.
BARHAM, Justice.
The relator-defendant was convicted of murder without capital punishment and sentenced to life imprisonment. The conviction and sentence were appealed to this Court and on November 28, 1972 we reversed the conviction and sentence and ordered a new trial. State v. Lonigan, 263 La. 926, 269 So.2d 816 (1972). No rehearing was applied for and that judgment ordering the new trial of this defendant became final on December 13, 1972. The district attorney in the trial court delayed in assigning the new trial date.
On June 25, 1973, the relator-defendant filed a motion urging that he had been denied a speedy trial, having been arrested on December 16, 1969, and imprisoned for forty-two months without being lawfully convicted of any crime. He relied on Strunk v. United States, 412 U.S. 434, 93 S.Ct. 2260, 37 L.Ed.2d 56 (1973). Although the State answered this motion, the trial court never ruled upon the motion.
A motion dated June 28, 1973 was filed by the District Attorney, requesting that this matter be fixed for re-trial on the 11th day of September, 1973. However, that order was never signed. Another filing in the record indicates that the District Attorney requested a fixing of the case for re-trial on the 27th day of November, 1973. However, there is no signed order and no minute entry indicating the assignment of the case for trial on that date. However, there must have been at least an understanding by the defendant and by the State that the matter was assigned for trial November 27, 1973. There appears in the record what we accept to be a minute entry. It is a handwriting on a blue piece of cardboard backing, dated 11-27-73, reading:
"The Defendant appeared before the Bar of the Court this day represented by Roger Jordan, Attorney. At the request of the Assistant D.A., trial is continued and re-set for 12-19-73.
(issue to all parties) (LDRAP) dee"
We find a similar entry on the same paper, reading as follows:
"12-19-73
"The Defendant Lonigan appeared before the Bar of the Court this day represented *741 by Charles Duke and Lamar Richardson, attorneys. Attorneyes [sic, attorneys] for the Defendant filed Motion to Quash this day. By order of the Court Hearing on motion to Quash is set for 1-31-74.
 (ISSUE)
"Attorney requested trial be continued to due [sic, due to] illness of Roger Jordan, co-counsel. State objected to trial be continued. Trial continued by the Court to be reassigned.
 (LDRAP) dee"
On February 1, 1974, hearing was had on the December 19, 1973 motion to quash. The State contended to the trial judge that the Supreme Court of Louisiana had no jurisdiction in the appeal which reversed the conviction and sentence and ordered a new trial for this defendant. The trial court apparently accepted this contention and refused to quash the indictment. Application for writs was made to this Court by the defendant and on March 8, 1974, 290 So.2d 898 we issued the following order:
"In re: William Vernon Lonigan applying for Remedial Writs
* * *
"IT IS ORDERED that the ruling of the trial court dated February 1, 1974 be set aside. Our judgment of November 28, 1972 in case No. 52,360 was not a nullity. This judgment having ordered a new trial, the trial court is ordered to reconsider its ruling in the light of such holding or else show cause to the contrary at 10:00 a. m. on May 10, 1974."
This order was dated March 8, 1974 and signed by a unanimous and full court.
The trial judge decided to attempt to show cause why that court should not reconsider its ruling on the motion to quash and made appearance in this Court in due course. The first argument advanced to us is that the trial court was correct in denying the motion to quash on the basis that our judgment of November 28, 1972, reversing this relator's conviction and sentence, was a nullity since the minutes in the appellate record did not reflect that defendant had waived the 24-hour delay for sentencing after an adverse ruling on his motion for a new trial. It is urged that we had no jurisdiction to render a judgment on that appeal because of the sentencing error.
There is no merit to this argument made by respondent. Both the conviction and sentence were set aside in that appeal. This Court is not without jurisdiction simply because it is alleged that error exists in a ruling of the Court. Although this Court is required to review records for errors patent on the face, a judgment rendered on appeal, which overlooks reversible error or makes other error, is not a nullity. Finally, the trial court erred in its sua sponte determination that the final judgment of this Court reversing the criminal conviction on appeal was rendered without jurisdiction.
A new argument advanced by the District Attorney at the hearing held in this Court is that defendant's motion, styled "Motion to Dismiss or Quash," filed on June 25, 1973, suspended prescription. That motion, though styled as noted, is actually a motion required under Strunk v. United States, supra, and is the prerequisite for showing the denial of a speedy trial. It is an instrument which puts the State on notice that the defendant complains that a speedy trial has not been had and certainly alerts the State of the need for a speedy trial. If the motion is not granted, it necessarily becomes a motion for speedy trial in the trial court. It is not a dilatory motion. The motion, which was filed in June of 1973, was never ruled on by the trial court. In State v. Woodfox, 291 So.2d 388 (La.1974), we held that where a motion to quash had not been acted upon by the trial judge and defendant proceeded to trial, the motion was *742 abandoned.[1] We are of the opinion that the failure of the trial court to rule on the motion filed in June of 1973, constituted an abandonment of it as a motion to quash when the trial court ruled upon the motion to quash filed on December 19, 1973. We do not consider that the defendant perfected a motion to quash or other preliminary plea which would suspend the running of the periods of limitation established in C. Cr.P. Art. 578.[2]
Code of Criminal Procedure Article 582[3] is controlling in the situation before us. We have one ruling which we reviewed in the writ application. That ruling was a ruling which denied the motion to quash filed on December 19, 1973, alleging that more than one year had elapsed since the order for a new trial had become a final judgment, and that more than three years had elapsed from the date of prosecution in this, a "capital case."
For the reasons assigned, we remand this matter to the trial judge under our former ruling setting aside his February 1, 1974 judgment on the motion to quash. We order that trial judge now to enter the proper judgment in the matter for the reasons hereinabove set forth.
Remanded with orders.
NOTES
[1] In Woodfox we stated:

"Failure of the trial judge to act on the motion to quash is not an error patent on the face of the record. It is an irregularity or error in the proceedings to which defendant must object and reserve a bill of exceptions to any adverse ruling of the court. Failure to do so constitutes a waiver of the objection and an acquiescence in the irregularity."
[2] C.Cr.P. Art. 578 provides, in part:

"Except as otherwise provided in this Chapter, no trial shall be commenced:
"(1) In capital cases after three years from the date of institution of the prosecution;
"* * *
"The offense charged shall determine the applicable limitation."
C.Cr.P. Art. 580 provides:
"When a defendant files a motion to quash or other preliminary plea, the running of the periods of limitation established by Article 578 shall be suspended until the ruling of the court thereon; but in no case shall the state have less than one year after the ruling to commence the trial."
C.Cr.P. Art. 581 provides:
"Upon the expiration of the limitations established by this Chapter, the court shall, upon motion of the defendant, dismiss the indictment. This right of dismissal is waived unless the motion to quash is made prior to trial.
"If the indictment is dismissed under this article, there shall be no further prosecution against the defendant for the same or a lesser offense based on the same facts."
[3] C.Cr.P. Art. 582 provides:

"When a defendant obtains a new trial or there is a mistrial, the state must commence the second trial within one year from the date the new trial is granted, or the mistrial is ordered, or within the period established by Article 578, whichever is longer."