LEMMON, Justice,
dissenting.
Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), is clearly inap *1260 plicable here. As the majority opinion points out, the deterrent purpose of the Miranda decision is not served by suppressing the statement under the circumstances of this case, and I agree the warnings mandated by Miranda and La.Const. art. 1, § 13 (1974) were not required in this case.
Nevertheless, this court historically has protected the privilege against self-incrimination of witnesses compelled to appear and testify before grand juries. See State v. Harrell, 228 La. 434, 82 So.2d 701 (La.1955); State v. Wallace, 321 So.2d 349 (La.1975). Even before the Miranda decision, this court recognized that a targeted person who is required to appear before a grand jury (performing its inquisitional role in the prosecution) should formally be advised of the privilege against self-incrimination. Absent a waiver of the privilege or a grant of immunity, this court treated the questioning of a potential defendant before a grand jury as an infringement of his privilege against self-incrimination. See State v. Nattin, 316 So.2d 115 (La.1975); State v. Smalling, 240 La. 915, 125 So.2d 409 (La. 1960); State v. Jemison, 240 La. 787, 125 So.2d 363 (La.1960).
Although the present case involved a subpoena to appear before the district attorney, rather than the grand jury, the subpoena purported (as does a grand jury subpoena) to compel both the appearance and the testimony of the witness.[1] Thus, I cannot agree with the court’s conclusion that this subpoena did not compel the defendant to testify.[2] Because the official command (subpoena) ordered appearance and testimony, this court’s earlier cases, requiring an affirmative waiver of the privilege in comparable grand jury situations, are controlling and should either be followed or overruled.

. The subpoena in this case is reproduced below (emphasis supplied):
STATE OF LOUISIANA
PARISH OF ST. JOHN THE BAPTIST
TO: Mr. Lloyd Johnson_
P. O. Box 457 (Sheriffs Office)
LaPlace, Louisiana
You are hereby commanded to appear before the District Attorney in and for this Parish at the private office of John M. Crum, Jr., Assistant District Attorney, located in LaPlace, St. John the Baptist Parish, Louisiana, on the 12 day of November 1979 at _5_
or any time thereafter o’clock P_ M to testify to the best of your knowledge on matters then and there to be made known.
BY ORDER OF THE 29TH JUDICIAL DISTRICT COURT.
Edgard, Louisiana, Nov. 12 . 1979.
/s/ Harold L. Monteeut Clerk of Court
PRIVATE OFFICE LOCATED AT #1 Ormond Blvd in LaPlace, Louisiana

. Whether the subpoena exceeded the authority granted by the Legislature in enacting C.Cr.P. art. 66 is not the question presented.